United States Court of Appeals,

Fifth Circuit.

No. 96-30276

(Summary Calendar).

Earl DUGAS, Jr., Plaintiff-Appellant,

v.

TRANS UNION CORPORATION, Defendant-Appellee.

Nov. 14, 1996.

Appeal from the United States District Court for the Middle District of Louisiana.

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

STEWART, Circuit Judge:

Earl Dugas, Jr. appeals the district court's denial of class certification for claims brought under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.). Before appealing the district court's adverse certification ruling, Dugas settled his individual and class claims with the defendant, Trans Union Corporation; Dugas did not reserve a right to appeal the certification ruling. Finding no jurisdiction, we dismiss the appeal.

BACKGROUND

Earl Dugas, Jr., on his own behalf and on behalf of a class, brought suit against Trans Union Corporation (Trans Union) alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.). Dugas subsequently moved the district court for class certification, but the district court declined to certify the class. Approximately one week later, Trans Union, pursuant to Fed.R.Civ.P. 68, offered to settle the case for $1,000. The settlement offer stated in pertinent part:

> "In view of the Court's bench ruling denying class certification ... Defendant Trans, [*sic* ] Union Corporation ... pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby offers to allow judgment to be taken against it for money damages in the amount of $1,000.00 together with an award of costs of the *action* and, reasonable attorney's fees as determined by the Court...."

Emphasis added. Dugas accepted Trans Union's offer of settlement in a one-sentence "ACCEPTANCE OF OFFER OF JUDGMENT." The acceptance read simply: "Plaintiff Earl Dugas,

Jr. accepts Trans Union Corporation's Offer of Judgment dated May 8, 1995."  The district court thereafter entered judgment accordingly.  Dugas then timely filed this appeal challenging the district court's denial of class certification.[1]

Trans Union moves to dismiss this appeal on the ground that Dugas accepted their offer of settlement and that acceptance, argues Trans Union, without any reservation of a right to appeal the district court's denial of class certification, bars Dugas' appeal.  Dugas, on the other hand, argues first, that he did not really "settle" the case, and second, that a settlement of a class action suit by the representative of the class does not preclude Dugas from appealing the district court's decision denying class certification.

We hold that because Dugas voluntarily settled the entire action with Trans Union, voluntarily consented to entry of judgment, and did not reserve a right to appeal the adverse certification ruling, we have no jurisdiction to hear this appeal.

I. THE SETTLEMENT

We turn first to the issue of whether Dugas settled his case with Trans Union.  Dugas argues that he "did not "settle' his individual claim in any normal sense of the word:  [Dugas'] acceptance of the offer of judgment merely expedited the judgment which the court would have entered anyway.  Dugas is therefore akin to the plaintiff against whom judgment is entered over his objection, as opposed to one who voluntarily settles his claims at a "compromise' level of damages."

We reject Dugas' argument for two reasons.  First, at no time did Dugas object to the settlement or entry of judgment, and there is no evidence in the record suggesting that Dugas was pressured in any way to accept Trans Union's offer.  Second, we reject Dugas' claim that § 1692k of the Fair Debt Collection Practices Act compelled the district court to enter a $1,000 judgment for Dugas.  This *fait accompli* argument is belied by the plain terms of § 1692k, which provides in part:

---

[1]Dugas' Notice of Appeal states that "plaintiff ... hereby appeals to the United States Court of Appeal for the Fifth Circuit from the Judgment entered on the 13th of February, 1996, and all preceding orders made final thereby, including the Order of May 11, 1995 denying Plaintiff's Motion for Class Certification."  Because Dugas' briefs are exclusively devoted to the issue of class certification, our jurisdiction to hear this appeal necessarily turns on the question of whether Dugas can properly appeal the district court's adverse certification order.

any debt collector who fails to comply with any provision of this title ... with respect to any person is liable to such person in an amount equal to the sum of— ...

> (2)(A) in the case of any action by an individual, such additional damages as the court *may* allow, but not exceeding $1,000;  or
>
> (B) in the case of a class action, (I) such amount for each named plaintiff as could be recovered under subparagraph (A)....

Emphasis added.  Contrary to Dugas' contention, § 1692k plainly states that the trial court "may" award $1,000 in damages.  Thus, prior to Trans Union's offer to settle this case, there was no guarantee, as a matter of law, that the district court would enter judgment for Dugas in the amount of $1,000.  In addition, there is no evidence in the record suggesting that the district court indicated in any way, prior to Trans Union's settlement offer, that he was determined to enter a $1,000 judgment in favor of Dugas.  Under these facts, it is clear that Dugas settled his case with Trans Union.  A contrary conclusion would render every class action settlement of this kind vulnerable to attack on appeal, thereby discouraging settlement.

## II. THE APPEALABILITY OF THE ADVERSE CERTIFICATION RULING

That we have determined that Dugas settled his case with Trans Union does not end our inquiry.  We next turn to the thorny question of whether a representative of a class action, who settles with a defendant after an adverse certification ruling, is precluded from appealing the adverse certification ruling.  For the reasons that follow, we hold that when a representative of a class voluntarily and without objection settles his individual and class claims after an adverse certification ruling and consents to entry of judgment, that representative is precluded from appealing the district court's certification order absent an express reservation of a right to appeal that order.

We have held that in class action lawsuits, a class representative wears two hats.  He represents both his personal interests and the interests of the class.  *See Roper v. Consurve, Inc.,* 578 F.2d 1106, 1110-11 (5th Cir.1978), *aff'd sub nom. Deposit Guaranty Nat'l Bank v. Roper,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).  Recognizing the inherent potential for harm to putative class members, the Supreme Court has erected certain procedural hurdles to prevent defendants from "buying out" class representatives.  For example, in *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 392-96, 97 S.Ct. 2464, 2468-71, 53 L.Ed.2d 423 (1977), the Court held that putative members of

a class may appeal the denial of class certification even though the class representatives' claims lacked merit.

In 1980, the Supreme Court issued a pair of decisions that further clarified the circumstances under which an adverse certification ruling could be appealed. The reach of the first of these decisions, *Deposit Guaranty Nat'l Bank v. Roper,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), is directly at issue in this case. In *Roper,* the district court issued an adverse certification order, and thereafter the defendant offered to settle the case. The plaintiffs rejected the settlement offer, yet the district court entered judgment for the plaintiffs in the amount specified in the defendant's settlement offer, again over the plaintiffs' objections. On appeal to this court, the defendant argued that the plaintiffs' claims were moot because the case was settled. We rejected that contention and held that the representative plaintiffs could appeal the adverse certification ruling. 578 F.2d at 1110-11.

The Supreme Court affirmed. Stressing that "[t]he factual context in which this question arises is important," 445 U.S. at 332, 100 S.Ct. at 1171, the Court held that "[n]either the rejected tender nor the dismissal of the action over plaintiffs' objections mooted the plaintiffs' claim on the merits so long as they retained an economic interest in class certification," *id.* at 333, 100 S.Ct. at 1171. That economic interest, reasoned the Court, was the plaintiffs' "desire to shift to successful class litigants a portion of those fees and expenses that have been incurred in this litigation and for which they assert a continuing obligation." *Id.* at 334 n. 6, 100 S.Ct. at 1172 n. 6. The *Roper* Court emphasized the important role class representatives play when they attempt to certify a class, and if such certification is denied, the importance of challenging the denial on appeal.

> A district court's ruling on the certification issue is often the most significant decision rendered in these class-action proceedings. To deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions....

*Id.* at 339, 100 S.Ct. at 1174.

Dugas argues forcefully that ours as well as the Supreme Court's decision in *Roper* controls

this case. He suggests that even though the facts of *Roper* involved a plaintiff who never voluntarily settled the case or never consented to entry of judgment, the Supreme Court nonetheless has endorsed the proposition that voluntary settlements do not extinguish a settling representative's right to appeal an adverse certification order. We disagree.

First, the Supreme Court in *Roper* did not paint with as broad a brush as we did. For example, in dictum, we stated that a class representative may appeal an adverse certification order even if the representative "acquiesced" in—*i.e.,* accepted—a settlement. 578 F.2d at 1110. The Supreme Court did not go that far: "Should the[ ] substantive claims become moot in the Art III sense, *by settlement of all personal claims* for example, the court retains no jurisdiction over the controversy of the individual plaintiffs." 445 U.S. at 332, 100 S.Ct. at 1171 (emphasis added). We have since recognized that "our decision [in *Roper* ] relied on broader grounds" than the Supreme Court's decision. *Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030, 1042 (5th Cir. Unit A 1981); *see also Mayfield v. Barr,* 985 F.2d 1090, 1093 (D.C.Cir.1993) (stating in dictum that "[t]he common feature of the[ ] ... Supreme Court decisions [in *Roper* and *Geraghty* ] ... is that the plaintiffs lost their claims *involuntarily.*" (emphasis added)).[2]

Second, and more to the point, the precise question we face in this case was left open in the companion case to *Roper—United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). There, a prisoner filed a class action challenging new prison guidelines. The prisoner moved the district court for class certification, but the district court refused to certify the class. The prisoner appealed, but while his appeal was pending, he was released from prison. The defendants moved to dismiss the appeal as moot. The Court of Appeals rejected the defendants' claim, and the Supreme Court affirmed, holding "that an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied." *Id.* at 404, 100 S.Ct. at 1212. The Court, however, declined to answer the precise question we face in this case: "We intimate no view as to whether a named

---

[2] In *Zeidman,* we specifically referred to those pages on which the "acquiescence" language appeared. *Zeidman,* 651 F.2d at 1042 (citing *Roper,* 578 F.2d at 1110-11).

plaintiff who *settles* the individual claim after denial of class certification may, consistent with Art III, appeal from the adverse ruling on class certification." *Id.* at 404 n. 10, 100 S.Ct. at 1213 n. 10 (emphasis added). In light of this language, it would be unwise for us to hold that the Court answered a question in *Roper* that it expressly and unambiguously left open that same day in *Geraghty.*

We have yet to answer the *Geraghty* question. We do so today by looking to our sister circuits, who have addressed this question and come to the unanimous conclusion that a voluntary settlement, absent any reservation of a right to appeal the certification decision, prevents the class representative from appealing the adverse certification order.

The facts in *Shores v. Sklar,* 885 F.2d 760 (11th Cir.1989) (en banc), *cert. denied,* 493 U.S. 1045, 110 S.Ct. 843, 107 L.Ed.2d 838 (1990), are virtually indistinguishable from this case. In *Shores,* after the district court denied the class representative's motion to certify the class, the defendant presented the representative with a Rule 68 offer of settlement. The plaintiff-representative accepted the offer, and the district court thereafter entered judgment pursuant to the settlement offer. The representative then appealed the denial of class certification. An en banc panel of the Eleventh Circuit dismissed the appeal, holding that "because [the class representative] consented to the entry of judgment without reserving his right to appeal any portion thereof, [the class representative] has waived his right to appeal the denial of class certification." *Id.* at 762. In reaching their conclusion, the *Shores* court was careful to distinguish the representative's individual claims from those of the class. *Id.* at 762-63. Nonetheless, in light of the representative's acceptance of the offer "without any qualification" and without "reference to [the representative's] individual claims," the court concluded that acceptance of the offer "indicate[d] that [the representative] consented to entry of judgment encompassing the entire action." *Id.* at 763. The court rejected the representative's contention that "consent to judgment should be presumed to have encompassed only [the representative's] individual claims...." *Id.* Such a holding, reasoned the court, would "conflict[ ] with the well-established principle that interlocutory orders are merged into the final judgment." *Id.* (citing 9 MOORE & LUCAS, MOORE'S FEDERAL PRACTICE ¶ 110.07, at 109 (1987); *Cohen v. Beneficial Industrial Loan*

*Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).

Here, Dugas voluntarily settled the entire action with Trans Union, consented to entry of judgment, and did not indicate that he was settling only his individual claims. Because interlocutory orders denying class certification merge with the final judgment for purposes of appeal, *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Cohen,* 337 U.S. 541, 69 S.Ct. at 1221, we cannot presume that Dugas intended to settle only his individual claims. In fact, the settlement offer states that Trans Union "offers to allow judgment to be taken against it for money damages in the amount of $1,000.00 together with an award of costs of the *action,....*" (Emphasis added.) This reference to the "action" together with Dugas' unconditional acceptance of Trans Union's offer and the district court's entry of judgment pursuant to the settlement agreement, plainly suggest that Dugas was settling all of his claims, individual and class alike, with Trans Union. Other courts have so held. *See Shores,* 885 F.2d at 762, 763 (settlement offer read " "to allow judgment to be taken against them ... in this action' " and reference to "action" indicated settlement of all claims); *Seidman v. City of Beverly Hills,* 785 F.2d 1447, 1448 (9th Cir.1986) (dismissal of "action" held to cover all claims).

The inescapable conclusion is that Dugas was wearing both hats when he settled his claim with Trans Union. We therefore hold that Dugas' settlement with Trans Union, which did not include a reservation of a right to appeal the certification ruling, divests us of jurisdiction to hear this appeal. In so holding, we join the chorus among other circuits who have come to the same conclusion. *See Lusardi v. Xerox Corp.,* 975 F.2d 964, 979-80 n. 25 (3d Cir.1992); *Walsh v. Ford Motor Co.,* 945 F.2d 1188, 1190-92 (D.C.Cir.1991) (opinion of Ginsburg, Ruth B., J.); *Seidman,* 785 F.2d 1447, 1448 (9th Cir.1986).[3]

---

[3]In their brief, the defendant urges us to go even further and hold that Dugas would be precluded from appealing the adverse certification ruling even if he reserved his right to appeal. We decline the invitation for three reasons. First, Trans Union relies heavily on the Eleventh Circuit's decision in *Shores,* which plainly held that a settling class representative may reserve a right to appeal an adverse certification order. Second, Trans Union misunderstands the difference between a settlement in a garden-variety lawsuit and a settlement by a class representative in a class-action lawsuit. As we have suggested, a class representative plays two roles: he represents his own interests as well as the interests of the class. Thus, he may settle his individual claims with the defendant and affirmatively preserve his right to assert the class's interests on appeal.

Dugas attempts to distinguish these cases on the ground that they "involved the scope of settlement agreements, not the entry of an offer of judgment." This is a distinction without a difference. Dugas offers no argument, and we perceive none, that settlements and offers of judgment are materially different for purposes of determining whether Dugas may appeal a pre-settlement, adverse certification order.

Dugas also claims that because "*Roper* was the controlling Fifth Circuit case," his acceptance of Trans Union's offer "cannot be construed as unconditional: the parties were on notice that an appeal of the denial of class certification could be taken." This fact, Dugas claims, distinguishes this case from *Shores.* We take Dugas' claim to mean that when he settled with Trans Union, he did not settle the case on behalf of the class because there was "controlling" authority in this Circuit suggesting he did not have to reserve his right to appeal the adverse certification order. We reject this contention. There was no "controlling" case in this Circuit that governed Dugas' case. As we stated above, the Supreme Court's decision in *Roper* does not support Dugas' claims here, and *Geraghty* explicitly left open the precise question presented in this case.

We are mindful of the unique circumstances presented by class action lawsuits and the consequences that flow from dismissing a class representative's appeal from an adverse certification ruling. Our holding, however, does not compromise the integrity of class actions. First, we have said that a class representative need only reserve a right to appeal the certification ruling to preserve the class's interests. Thus, short of rejecting the defendant's offer or simply appealing the denial of class certification,[4] any attempt by a defendant to buy his way out of a class action is severely attenuated, if not eliminated, by the class representative's reservation of a right to appeal an adverse certification order. Second, even assuming the class representative does not reserve a right to appeal, we have

---

Finally, the two cases Trans Union cites—*Amstar Corp. v. Southern Pac. Transp. Co.,* 607 F.2d 1100 (5th Cir.1979), *cert. denied,* 449 U.S. 924, 101 S.Ct. 327, 66 L.Ed.2d 153 (1980) and *White & Yarborough v. Dailey,* 228 F.2d 836 (5th Cir.1955)—do not involve settlements by class representatives.

[4]*See Lusardi,* 975 F.2d at 980 ("The option of directly appealing an adverse decertification ruling—preserved in *Geraghty/Roper* ... typically prevents class-action defendants from paying to avoid final review of any class certification issues raised before settlement.").

held that a putative class member has standing to appeal an adverse certification ruling. *See Nichols v. Mobile Bd. of Realtors, Inc.,* 675 F.2d 671, 675 (5th Cir. Unit B 1982). The rights of putative class members are adequately protected.

APPEAL DISMISSED.