Scott **MAYO**, et al., Plaintiffs,

v.

**HARTFORD LIFE INSURANCE CO.**, et al., Defendants.

No. CIV.A. H–01–2139.

United States District Court, S.D. Texas, Houston Division.

Aug. 16, 2002.

**466**

Scott Monroe Clearman, Michael D. Myers, McClanahan and Clearman, Houston, TX, for Scott Mayo, Toribio Rocha, Jr., Tomas Pena, Daniel Garza, Charles W. Holmes, Jr., The Estate of Douglas Sims, by Deborah Sims, the independent executrix.

Barry A. Chasnoff, Akin Gump, et al., San Antonio, TX, Michael M. Wilson, Clements O'Neill, et al., Houston, TX, Howard Kleinhendler, Kaye Scholer, et al., Myron Kirschbaum, Kaye Scholer LLP, New York City, for Hartford Life Insurance Company, Camelot Music, Inc., Tra S. World Entertainment Corporation.

1. Trans World acquired Camelot while Camelot owned and was named the beneficiary on 1430 insurance policies.

2. Plaintiffs request certification of a plaintiff class consisting of:
   All Texas citizens (or if deceased, the Texas citizen's estate) whose lives are or were insured under a COLI policy issued by AIG Life Insurance Company, Mutual Benefit Life In-

## MEMORANDUM AND ORDER ON REQUESTS FOR DISCOVERY AND ENTRY OF JUDGMENT

ATLAS, District Judge.

The Court has before it motions for severance, for entry of a scheduling order for discovery on class certification matters, and for entry of final judgment in light of alleged mootness. The Court addresses each of these matters in turn.

### I. SEVERANCE MOTIONS

Plaintiffs Scott Mayo, Toribio Rocha, Jr., Tomas Pena, Daniel Garza, and Charles W. Holmes, Jr. (collectively, the "Camelot Plaintiffs") seek severance of this lawsuit into two actions: one against Wal–Mart Stores, Inc., the Wal–Mart Stores, Inc. Corporation Grantor Trust, and its Trustee, Wachovia Bank of Georgia, N.A. (collectively, the "Wal–Mart Defendants"), and a second case against Defendants Camelot Music, Inc. ("Camelot") and Trans World Entertainment Corporation ("Trans World")[1] (collectively, the "Camelot Defendants"), and Hartford Life Insurance Company ("Hartford"), the insurer that sold the insurance policies in issue to Camelot. Plaintiffs propose that only the Sims Estate (and two proposed intervenors) pursue claims (presumably as class representatives) against the Wal–Mart Defendants (the "Proposed Wal–Mart Action"). Plaintiffs propose in the second case a class action consisting of claims against a class of employer defendants (including the Camelot Defendants) which purchased company owned life insurance policies ("COLI policies") on the lives of Texas employees naming the companies as beneficiaries (the "Proposed Camelot Action"). The Camelot Plaintiffs also request in the Proposed Camelot Action that the Court certify a plaintiff class consisting of the employees (and former employees) living in Texas who are (or were) insured under the COLI policies owned by any of the defendant employers.[2] The Cam-

surance Company or Hartford Life Insurance Company that purportedly named an employer or former employer as the policy's beneficiary or owner, excluding those who are current officers of the named policy beneficiary or owner (or if deceased, those who were officers of the policy beneficiary at their death) and those who designated the policy's beneficiary. Plaintiffs' Second Amended Class Action Complaint [Doc. # 29] ("Complaint"), at 11. Plain-

elot Plaintiffs apparently seek to include Hartford as a defendant in the Proposed Camelot Action. The Camelot Defendants and Hartford seek the same severance and request entry of judgment in the Proposed Camelot Action, based on this Court's prior rulings.

For the reasons set forth below, it is premature to sever the claims against the Wal-Mart Defendants from those against Hartford, the Camelot Defendants, and potentially others at this time. Accordingly, the motions for severance [Docs. # 96, 98 and 101] are **denied without prejudice**.

## II. *MOTIONS FOR ENTRY OF JUDGMENT AND FOR ENTRY OF PROPOSED SCHEDULING ORDERS*

The Camelot Defendants and Hartford seek an order "to reduce the claims to final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure" [Doc. # 98; *see* Docs. # 101, 109]. The Camelot Defendants contend that there is nothing further to litigate between the Camelot Plaintiffs and the Camelot Defendants in light of the Court's rulings in the March 5th Opinion [Doc. # 92] (and presumably the Court's August 8, 2002 Amended and Supplemental Memorandum Opinion ("Amended Opinion") [Doc. # 138] [3]), granting *inter alia* the Camelot Plaintiffs' motion for partial summary judgment that Camelot lacked an insurable interest in the lives of the Camelot Plaintiffs and dismissing

all other claims against Hartford and the Camelot Defendants. Defendant Hartford also moves for severance and entry of final judgment on all the Camelot Plaintiffs' claims against it. Hartford contends that the claims of the Camelot Plaintiffs are moot because Camelot's COLI policies were surrendered on March 21, 2002, after and as a result of the Court's March 5th Opinion.[4] Hartford contends that the Court's rulings deprive all the Camelot Plaintiffs of any further remedy, because all these individuals were alive at the time the Camelot COLI policies were surrendered, and no death benefits will be paid.

The Camelot Plaintiffs oppose Defendants' request for entry of final judgment. Instead, Plaintiffs seek entry of a scheduling order providing for discovery on class certification issues in both the Proposed Camelot and Wal-Mart Actions.[5] Specifically with reference to the Proposed Camelot Action, the Camelot Plaintiffs seek entry of a scheduling order permitting them to undertake class discovery of Hartford, the Camelot Defendants and other potential defendants, to determine the identity of the members of the plaintiff class and the defendant class, respectively.[6]

Plaintiffs' class definitions are expansive. As noted above, Plaintiffs seek to certify two classes in the Proposed Camelot Action: a plaintiff class of Texas employees and former employees insured under COLI policies benefitting the employee-insureds' employers,

---

tiffs also request certification of an Employer Defendant class of:

[C]ompanies that bought insurance policies written by AIG Life Insurance Company, Mutual Benefit Life Insurance Company or Hartford Life Insurance Company, that insure or insured the lives of Texas employees other than corporate officers and name the company as beneficiary or owner.

*Id.*

**3.** The Court issued the Amended Opinion and withdrew its March 5th Opinion after consideration of a reconsideration motion filed by Wal-Mart. *See* Order Granting Wal-Mart Defendants' Motion to Reconsider March 5th Ruling, issued August 2, 2002 [Doc. # 136]. The Amended Opinion did not alter the results reached in the March 5th Opinion as to Camelot, although the Court modified its reasoning on some issues.

**4.** *See* Reply Declaration of David Beise [Doc. # 109], submitted by the Camelot Defendants.

Hartford also adopts the contentions of the Camelot Defendants.

**5.** *See* Doc. # 95. The Court addresses Plaintiffs' request for class discovery in the Proposed Camelot Action in this Order. In its Memorandum and Opinion on Various Motions signed August 8, 2002 [Doc. # 140], the Court held that class certification discovery and motions against the Wal-Mart Defendants in the Proposed Wal-Mart Action are not appropriate until the issues that the Court has certified for interlocutory appeal have been addressed by the Court of Appeals, should that Court agree to do so.

**6.** The Court has considered also in this regard the "Camelot Plaintiffs' Response to Camelot and Hartford's Motions for Severance and Entry of Final Judgment and Reply Concerning the Plaintiffs' Motion for Entry of a Scheduling Order" [Doc. # 106], as well as "Hartford Life Insurance Company's Reply in Support of Motion to Sever and For Entry of Final Judgment" [Doc. # 111].

and a defendant class of these employers.[7] Plaintiffs acknowledge that the discovery sought against the Camelot Defendants and Hartford is likely to be complex because of the potentially broad scope of the defendant class. Plaintiffs seek nine months to complete discovery. *See* Scheduling Motion, at 3. Hartford and the Camelot Defendants strenuously oppose all discovery in this case.

After considering all the parties' arguments and the applicable authorities, the Court determines that limited, carefully targeted class discovery involving the named Camelot Defendants is appropriate. As to the Camelot Plaintiffs' request for discovery to identify members of the putative defendant class (other than the Camelot Defendants) and non-Camelot employee members of the plaintiff class, the Court requires further briefing.

### A. *Mootness and Claims Against the Camelot Defendants*

Rule 23(c)(1) of the Federal Rules of Civil Procedure mandates that federal courts should decide whether class certification is appropriate "as soon as practicable after the commencement of an action brought as a class action." However, exercise of discretion by the district court is inherent in this rule. *James v. City of Dallas*, 254 F.3d 551, 562 (5th Cir.2001) ("[T]he district court maintains great discretion in certifying and managing a class action.") (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir.1999)); *Gates v. Cook*, 234 F.3d 221, 227 (5th Cir.2000). Each determination must be made on the basis of the facts and claims in the particular case before the court. *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1037 (5th Cir.1981); 7B Wright, Miller & Kane, *Federal Practice & Procedure* § 1785 & n. 9 (2d ed.).

While in the ordinary case, class certification issues should be addressed before the merits, this standard approach was not appropriate in this case. Plaintiffs assert claims that, while supported by Texas law to some extent, are nevertheless unusual. Plaintiffs, furthermore, seek to certify two potentially huge classes. In order to ultimately shorten this litigation, in light of the

rarity of Plaintiffs' claims, the Court exercised its discretion to make a definitive assessment of certain aspects of these claims before addressing the potential certification of the two requested classes. The Court addressed the merits to the extent it deemed necessary to meaningful assessment of class certification issues.

■ It remains incumbent upon the Court to assess the class action issues. Reasonable discovery is necessary for the parties to frame these issues. The Camelot Defendants and Hartford oppose any discovery and seek entry of final judgment immediately on the grounds that the Camelot Plaintiffs have prevailed, the Camelot COLI policies have been irrevocably surrendered and thus no further relief is possible in favor of these Plaintiffs. Plaintiffs respond that it is improper for the Court to grant final judgment under all the circumstances presented, citing *Roper v. Consurve, Inc.*, 578 F.2d 1106 (5th Cir.1978), *aff'd sub nom Deposit Guaranty Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 328, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), and *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980).

■ *Roper* and its progeny have been construed by the Fifth Circuit to hold that a named plaintiff in a putative class action retains an interest in pursuing class certification when the plaintiff class representative's claims have been dismissed involuntarily. *Dugas v. Trans Union Corp.*, 99 F.3d 724, 727 (5th Cir.1996). The court of appeals reached this result by reasoning that "in class action lawsuits, a class representative wears two hats. [The class representative] represents both his personal interests and the interests of the class." *Id.* at 726. While a particular class representative's personal interest in a case may cease through mootness or defendant's efforts to "buy out" the class representative, the class representative still retains an interest in pursuing the class action. *Id.* However, the court of appeals in *Dugas* held that when a named plaintiff *voluntarily* settles his or her claims against the defendant, without expressly reserving the right to pursue class certification, the class

---

**7.** *See supra* note 2, for Plaintiffs' class allega- tions.

representative waives all interest in pursuing class certification. *Id.* at 728.

Defendants argue that the instant case is not governed by *Roper* and its progeny because the Camelot Plaintiffs, before moving for class certification, voluntarily sought to terminate their interest in this case by successfully cross-moving for partial summary judgment on the merits of their declaratory judgment claim.[8] The Court is not persuaded that the Camelot Plaintiffs' cross-motion for partial summary judgment constitutes a "voluntary" settlement or a complete disposition of all the claims these Plaintiffs assert, as was the case in *Dugas*. Plaintiffs cross-moved for partial summary judgment only after they were required, over objection, to join issue on numerous issues in defense of Defendants' summary judgment and dismissal motions.[9] Further, Plaintiffs only sought partial summary judgment. Plaintiffs still seek attorneys' fees and other relief, according to their Second Amended Complaint. The parties have not briefed the issue of entitlement to attorneys' fees, and it is unclear under state law whether such a right exists for the claim on which the Plaintiffs have prevailed thus far.[10] In sum, the Came-lot Plaintiffs' conduct does not amount to voluntary settlement or an implicit agreement that class certification issues will be abandoned. The Court concludes therefore that the Camelot Defendants and Hartford have failed to meet their heavy burden to demonstrate mootness as to the entire putative plaintiff class's claims as a matter of law. *See Carlson v. United Academics–AAUP/ AFT/APEA AFL–CIO*, 265 F.3d 778, 785 (9th Cir.2001).

General Rule 23 principles dictate the same result. The named Camelot Plaintiffs, having made class action allegations, have the statutory duty to represent both their own individual, personal interests, as well as the interests of all the potential class members. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 398–401, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Deposit Guaranty Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 328, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *Dugas*, 99 F.3d at 727. It is premature to enter final judgment in favor of the named Camelot Plaintiffs against the Camelot Defendants in the absence of reasonable exploration of the identity of the potential class with claims matching the named Camelot Plaintiffs' claims for a declaratory judgment,[11] and without identification of Texas

---

**8.** *See* Camelot Plaintiffs' Motion for Partial Summary Judgment [Doc. # 17]. Plaintiffs sought declarations both that the Defendants are not the lawful owners of the COLI policies and that Plaintiffs *are* the lawful owners. The Court granted the first declaration, but not the second. Also, the Court granted the Camelot Defendants' motion to dismiss, to the extent that Defendants argued that there was no constructive trust remedy available to the Camelot Plaintiffs who all were still living.

**9.** In response to that motion and Defendants' original motions, the Court held that the Camelot Defendants had no insurable interest in the Camelot Plaintiffs' lives and denied the Camelot Plaintiffs' other requests for relief.

**10.** The Court cannot and does not reach the merits of Plaintiffs' right to attorneys' fees. It is noted that the American rule typically followed by federal courts provides that "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Houston Cas. Co. v. Certain Underwriters at Lloyd's London*, 51 F.Supp.2d 789, 806 (S.D.Tex.1999) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). The federal Declaratory Judgment Act "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir.1988). Furthermore, the "otherwise ... available" language of § 2202 must be substantive, *see Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir.1998) ("a party may not rely on the Texas [declaratory judgment act] to authorize attorney's fees in a diversity case because the statute is not substantive law."); *accord Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 772 (5th Cir.1999). The parties have not briefed the issue and it is unclear under state law whether such a right exists for the claim on which the Plaintiffs have prevailed thus far.

**11.** In a very different vein, the Court noted that the violations by the Camelot Defendants of Texas law and public policy ended for the living members of the proposed plaintiff class when these Defendants' irrevocably surrendered the Camelot COLI policies. The Court recognizes that the Camelot Plaintiffs' claims are not likely to recur with respect to the Camelot Defendants. There is no indication whatsoever that the Camelot Defendants will seek to purchase new COLI policies. This is not a case likely of repetition but evading review as to the Camelot Defendants *per se*. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 398, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (and cases cited therein);

resident class members, if any, who died while insured by a Camelot COLI policy (*i.e.*, persons with claims comparable to the Sims Estate's claim against the Wal–Mart Defendants).[12] The Camelot Defendants' opposition to discovery and request for final judgment would unfairly deprive the Camelot Plaintiffs of the rights to class certification "early" in a case based on reasonable discovery in aid of their class certification motion. It is in the interests of justice, the language and spirit of Rule 23, and the Court's sound discretion, to permit limited and targeted discovery on class certification against the Camelot Defendants and Hartford.

On the other hand, unlimited discovery would be unfair and unwarranted. Discovery of the following information should suffice:

(i) The name, last known address, job titles, dates of employment, and last known phone number of each former employee of the Camelot Defendants, which former employee resided in Texas while a Camelot COLI insurance policy was in effect, and

(ii) for each former Camelot employee who died while insured by a Camelot COLI policy *and* while living in Texas, the names and addresses of the heirs (if known to the Camelot Defendants or to Hartford).

While not specified, the Court assumes Plaintiffs intend to request discovery covering only events during the statute of limitations period, which encompasses the period four years prior to the filing of this lawsuit through the present.

This discovery should not be burdensome. The Camelot Defendants insured the lives of 1430 employees, all of whom were known to the Camelot Defendants and Hartford. This information should be derived from straightforward record searches. Defendants are not required to perform independent research to acquire the information that is not in their custody or control.

If the Camelot Plaintiffs seek additional information, they shall submit within ten (10) business days of entry of this Order a list of the additional information sought, with reasons for each request. Defendants shall cooperate in responding to these requests. Any objections by the Camelot Defendants and Hartford must be filed within seven (7) business days of service of the request.

The Court does not intend to imply any ruling on the viability of certification of a class, nor attempt to define any class of plaintiffs against the Camelot Defendants or Hartford.

### B. *Plaintiffs' Discovery Requests on Other Employers and Their Employees*

■ The Camelot Plaintiffs also contend in their role as putative class representatives that the Court has a duty to permit discovery to identify all potential employers that owned COLI policies on the lives of employees living in Texas.[13] Plaintiffs also seek to obtain from Hartford, Mutual Benefit Life Insurance Company (which lines of life insurance Hartford purchased), and possibly AIG Life Insurance Company, the names of plaintiff class members who are employees or former employees living in Texas (or who died while residents of Texas), while insured under the defendant class members' COLI policies. The discovery Plaintiffs request as to unidentified employer members of the putative defendant class and members of the proposed plaintiff class appears extremely broad and is likely to be very costly.[14] Even more significantly, the proposed defendant class raises substantial legal questions. Aside from possibly being unwieldy, there is a serious issue

---

Carlson v. United Academics–AAUP/AFT/APEA AFL–CIO, 265 F.3d 778, 785 (9th Cir.2001). The Internal Revenue Service has challenged the Camelot Defendants' tax treatment of the COLI policies and related transactions, resulting in complicated and apparently adverse litigation for Camelot. There is no showing that the Camelot Defendants again will purchase another COLI policy on the lives of Texas citizens (at least not without complying with new Texas law, as codified at Tex. Ins. Code art. 3.49–1(3)).

12. *See* Amended Opinion, *passim.*

13. As noted above, the Court assumes Plaintiffs intend to request discovery covering only events during the statute of limitations period, which encompasses the period four years prior to the filing of this lawsuit through the present.

14. This expansive discovery also is problematical until disposition of the remaining issues raised by the named Camelot Plaintiffs.

as to whether, as a matter of law, the proposed defendant class is legally viable.[15] "[T]he standard applied for determining the adequacy of representation for a defendant class is the same as that used in plaintiff class actions." 7A Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 1770 (2002 Supp.). "Special problems ... arise, however, when a defendant class is being sued by a plaintiff class." *Id.* At least one treatise has warned that a "defendant class should not be certified unless each member of the plaintiff class has a colorable claim against each member of the defendant class." 6A FEDERAL PROCEDURE, LAWYERS EDITION §§ 12:44, 12:205, 12:206 & n. 10 (2002). Before the Court allows the wide-ranging discovery that Plaintiffs request, the parties shall address in legal memoranda how the principles articulated in *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973), affect this case. The Court of Appeals for the Ninth Circuit in *La Mar* stated:

> [W]e assert that a plaintiff who has no cause of action against the defendant can not "fairly and adequately protect the interests" of those who do have such causes of action. This is true even though the plaintiff may have suffered an identical injury at the hands of a party other than the defendant and even though his attorney is excellent in every material respect. Obviously this position does not embrace situations in which all injuries are the result of a conspiracy or concerted schemes between the defendants at whose hands the class suffered injury. Nor is it intended to apply in instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious.

489 F.2d at 466 (footnotes omitted). *Accord Ameritech Ben. Plan Committee v. Communication Workers of America*, 220 F.3d 814, 820–21 (7th Cir.2000); *Henson v. East Lincoln Tp.*, 814 F.2d 410, 413 et seq. (7th Cir.1987) (Posner, J.); *Moore v. Comfed Sav. Bank*, 908 F.2d 834, 838 (11th Cir.1990). Under such circumstances, the *La Mar* court decided "that the class actions in question here are inferior to other 'available methods for the fair and efficient adjudication of the controversy.'" *Id.* at 467.[16] The parties shall address, *inter alia*, whether there is any "juridical link" between the proposed defendant class members. *See* 7A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1770 n. 24 (2002 Supp.) (citing Comment, *Defendant Class Actions and Federal Civil Rights Litigation*, 33 UCLA L. REV. 283, 304 (1985)), and various cases cited above.

Given the skepticism of many courts about the legal viability of a plaintiff class suing a defendant class, the Court exercises its discretion to attempt to ascertain whether there is a genuine factual question as to the threshold issue of the viability of a defendant class under Rule 23 without substantial and expensive discovery. This approach also is warranted by the enormity of the scope of discovery Plaintiffs appear to seek.

The parties shall submit responses to this directive on a schedule set forth at the end of this Order. Plaintiffs in their initial submission also shall specify the provisions of Rule 23(b) on which they rely for the plaintiff and defendant class definitions, respectively. Plaintiffs also shall describe (in the form set forth in the "Joint Discovery/Case Management Plan under Rule 26(f) Federal Rules of Civil Procedure" specified in the Court's Procedures) the full scope of discovery they believe is necessary for the class certification issues.

**15.** "[C]loser scrutiny is necessary in determining the adequacy of the representation of a defendant class, because of the risk that plaintiff will seek out weak adversaries to represent the class." 7A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1770 (2002 Supp.).

**16.** *See generally Thompson v. Bd. of Educ.*, 709 F.2d 1200 (6th Cir.1983); *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226 (9th Cir.1974); *Thillens, Inc. v. Community Currency Exch. Assoc.*, 97 F.R.D. 668 (N.D.Ill.1983); *Akerman v. Oryx Communications, Inc.*, 609 F.Supp. 363 (S.D.N.Y.1984), *aff'd in part and app. dism'd in part, remanded*, 810 F.2d 336 (2d Cir.1987). *See Warnell v. Ford Motor Co.*, 189 F.R.D. 383 (N.D.Ill.1999); *Sebo v. Rubenstein*, 188 F.R.D. 310 (N.D.Ill.1999); *Monaco v. Stone*, 187 F.R.D. 50 (E.D.N.Y.1999); *Leer v. Wash. Educ. Ass'n*, 172 F.R.D. 439 (D.C.Wash.1997); *Endo v. Albertine*, 147 F.R.D. 164 (N.D.Ill.1993); *Herlihy v. Ply—Gem Indus., Inc.*, 752 F.Supp. 1282 (D.C.Md.1990); *Luyando v. Bowen*, 124 F.R.D. 52 (S.D.N.Y.1989); *Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70 (S.D.N.Y.1986).

If a party contends that limited discovery on specified factual matters is required prior to the Court's decision on the *La Mar* issue, the parties are encouraged to cooperate with one another to produce within twenty days all reasonably obtainable documents pertinent to the submissions required by this Order. By agreement or upon request to the Court, the parties may take two depositions, if necessary to prepare the submissions addressing the *La Mar* issue. In the absence of agreement, the requesting party in its submission pursuant to this Order shall identify the matters on which it needs discovery.

The Court thus exercises its sound discretion to defer a ruling on the parties' requests for severance and entry of final judgment. This order is not a decision on the adequacy of the Camelot Plaintiffs as class representatives or any other class certification issue.

### III. *CONCLUSIONS AND ORDER*

The Court concludes that is premature to resolve the various severance motions filed in this case. The Court concludes that, before addressing the Camelot Defendants' and Hartford's requests for entry of final judgment, it is necessary to permit limited discovery to determine if there are any unidentified members of the proposed plaintiff class with claims against the Camelot Defendants. The Court also determines that it needs the parties to address the viability of a defendant class before it will grant extensive discovery or class certification. It is therefore

**ORDERED** that the Motions to Sever [Docs. # 96, 98 and 101] are **DENIED without prejudice.** It is further

**ORDERED** that Plaintiffs' Motion for Entry of Proposed Scheduling Orders ("Scheduling Motion") [Doc. # 95] is **DENIED except to the following extent.** The Camelot Defendants and Hartford shall produce within twenty (20) days of entry of this Order the following information in chart form:

(i) The name, last known address, job titles, dates of employment, and last known phone number of each former employee of the Camelot Defendants, which former employee resided in Texas while a Camelot COLI insurance policy was in effect, and

(ii) for each former Camelot employee who died while insured by a Camelot COLI policy *and* while living in Texas, the names and addresses of the heirs (if known to the Camelot Defendants or to Hartford).

It is further **ORDERED** that if the Camelot Plaintiffs seek information in addition to the foregoing, they shall file within **ten (10) business days** of entry of this Order a list of the additional information sought, with reasons for each request. Defendants shall cooperate in responding to these requests. Any objections by the Camelot Defendants and Hartford must be filed within **seven (7) business days** of service of the request. It is further

**ORDERED** that within **ten (10) business days** after completion of the discovery concerning the named Camelot Plaintiffs' claims against the named Camelot Defendants, the named parties shall file motions (no more than one per party) requesting any further relief they deem necessary to resolution of the claims against the Camelot Defendants in light of the new information. It is further

**ORDERED** that the parties are to assist the Court in attempting to ascertain whether there is a genuine factual question on the threshold legal issue of the viability under Rule 23 and *La Mar* of a defendant class in this case. The parties accordingly shall submit responses to this Order on the following schedule:

Plaintiffs' submission due: **September 4, 2002;**

Defendants' submissions due: **September 18, 2002;**

Plaintiffs' reply due: **September 27, 2002;**

Defendants' sur-replies (if any) due: **October 2, 2002.**

Plaintiffs in their initial submission shall specify the provisions of Rule 23(b) on which they rely to define the proposed plaintiff and defendant classes, respectively. Plaintiffs also shall describe (in the form set forth in the "Joint Discovery/Case Management Plan under Rule 26(f) Federal Rules of Civil Procedure" specified in the Court's Procedures) the full scope of discovery they believe is necessary to the class certification issues

concerning claims other than those against the named Camelot Defendants (and the Wal–Mart Defendants). It is further

**ORDERED** that if a party contends that limited discovery on specified factual matters is required prior to the Court's decision on the *La Mar* issue, the parties are encouraged to cooperate with one another to produce within **twenty (20) days** all reasonably obtainable documents pertinent to the submissions required by this Order. By agreement or upon request to the Court, the parties may take two depositions, if necessary to prepare the submissions addressing the *La Mar* issue. In the absence of agreement, the requesting party in its submission pursuant to this Order shall identify the matters on which it needs discovery.