451 P.2d 320

Eva Maye COFIELD, Appellant,

v.

Charlotte Irene SANDERS, Joyce Irene Sanders and Charlotte June Sanders, dba Joyce Studio, Appellees.

No. 1 CA–CIV 842.

Court of Appeals of Arizona.

March 6, 1969.

Cates & Sullivan, by Charles E. Cates, Phoenix, for appellant.

Filler & Paytas, by Henry R. Paytas, Phoenix, for appellees.

MOLLOY, Judge.

This is an appeal from a judgment entered against a defendant upon the defendant's written consent.

The appellees, plaintiffs in the trial court, filed a complaint in Maricopa County Superior Court seeking damages from, and injunctive relief against, Shirley Ross and Robert Ross, her husband, and the appellant Eva Cofield. The substance of the claim for relief was that the defendants, Shirley Ross and Eva Cofield, former employees of the plaintiffs, were contacting and soliciting plaintiffs' customers with a view to obtaining their photography business; that, in making these contacts, the

defendants were making certain factual misrepresentations; that all persons contacted had been the plaintiffs' customers during the times of the defendants' employment with the plaintiffs; and that the defendants had obtained numerous card lists from the plaintiffs' files and were using same to solicit their customers.

The complaint was filed on November 8, 1967, and on November 10, 1967, an order to show cause was issued, directed to the defendants to appear on November 20, 1967, to show cause why they should not be enjoined from doing the acts set forth in the plaintiffs' complaint. On November 20, 1967, prior to the time set for the show cause hearing, a document entitled "Stipulation for Judgment & Judgment" was filed in this action. The "stipulation" portion thereof, signed by counsel for the plaintiffs and all defendants, was dated November 16, 1967, and the "judgment" portion thereof was signed by the superior court judge on November 17, 1967.

The stipulation recited that, in consideration of the order to show cause having been vacated and the matter having been further compromised, that judgment be entered permanently enjoining the defendants from doing certain specific acts and that the defendants agreed to be responsible to the plaintiffs in damages for any violation or breach of the agreement. The judgment, *in haec verba*, recites:

"Pursuant to the foregoing stipulation,

"IT IS HEREBY ORDERED, ADJUGED [*sic*] AND DECREED as follows:

"1. That defendants be, and they are hereby, permanently enjoined from soliciting the business, causing said business to be solicited or contacting, either personally or in connection with others, any person, persons or entities who have been or are now customers of plaintiffs doing business as JOYCE STUDIO.

"2. That defendants be and they are hereby enjoined from:

"(a) Stating that defendants, SHIRLEY ROSS and EVA MAYE COFIELD, are still associated with plaintiffs' business, that plaintiffs are going out of business or that plaintiffs are not handling their business in a proper and professional manner.

"(b) Using the name Joyce Studio in any capacity or manner whatsoever.

"(c) Making any other derogatory statements against plaintiffs or Joyce Studio.

"3. That defendants shall indemnify plaintiffs and be responsible to them in damages for any violation or breach of this agreement."

On December 26, 1967, the plaintiffs filed a petition in superior court, alleging that defendant Cofield had violated paragraph one of the judgment, and requesting that she be found in contempt. An order to show cause was issued, directed to Eva Cofield, summoning her to appear on February 5, 1968, and show cause why she should not be found in contempt of court. The notice of appeal from the November 17, 1967, judgment was filed on January 15, 1968.[1] The only defendant appealing is Eva Cofield.

■ The defendant attacks the judgment as erroneous on several grounds—that it constitutes an illegal restraint of trade, that it violates the First Amendment of the United States Constitution and that it deprives her of her right to jury trial. The plaintiffs' responsive brief is primarily directed to meeting the contentions advanced by the defendant. Although no challenge has been posed to our review of the judgment, we *sua sponte* inquire into the matter, whether it be as to the "appealability," *see* In re Garcia's Estates, 7 Ariz.App. 114, 436 P.2d 626 (1968), or as to "appealable interest." Farmers Insurance Group v.

---

1. Subsequently, on February 5, 1968, after the filing of a notice of appeal, a hearing was held on the contempt matter and the trial court found that the defendant Cofield was not in contempt of court.

Worth Insurance Co., 8 Ariz.App. 69, 443 P.2d 431 (1968); Christian v. Cotten, 1 Ariz.App. 421, 403 P.2d 825 (1965).

■ It is well settled that ordinarily a consent judgment is not subject to appellate review. *See* Annot., 69 A.L.R.2d 755; 4 Am.Jur.2d Appeal and Error § 243; 4 C.J.S. Appeal and Error § 213. It is true that there are exceptions to this rule, such as where there is lack of consent to the judgment or lack of jurisdiction over the subject matter, or where the judgment was obtained by fraud, collusion or mistake, 69 A.L.R.2d 755, 786 § 8, or where the judgment adversely affects the public interest. *Id.,* § 9.

■ Conceivably it might be argued that the attack made here, that this judgment is in restraint of trade, falls in this last-mentioned exception. But no attempt was made to present this to the lower court, and we refuse to consider this line of attack for the first time on appeal, Smith v. Rabb, 95 Ariz. 49, 386 P.2d 649 (1963), and see Gravel v. Alaskan Village, Inc., Alaska, 409 P.2d 983 (1966);[2] Campbell v. Kracke & Flanders, 100 S.W. 1028 (Tex. Civ.App.1907); and Annot., 139 A.L.R. 421, 436.

Some courts take the view that an appeal from a consent judgment will not lie, *i. e.,* the appellant is foreclosed from taking an appeal, requiring dismissal of the appeal either on motion or *sua sponte. See, e. g.,* Gravel v. Alaskan Village, Inc., *supra;* Atchison, Topeka & Santa Fe Ry. Co. v. Hildebrand, 238 Cal.App.2d 859, 48 Cal. Rptr. 339 (1965); Sauer v. Rhoades, 338 Mich. 679, 62 N.W.2d 634 (1954); Foger v. Johnson, 362 S.W.2d 763 (Mo.App.1962); Basche-Sage Hardware Company v. De Wolfe, 113 Or. 246, 231 P. 135 (1924). Others deem the scope of review on appeal to be limited to consideration of errors not waived by the consent, *i. e.,* a consent decree is always affirmed without considering the merits of the cause. *See, e. g.,* N. L.

R. B. v. Ochoa Fertilizer Corp., 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961); Hall v. McKee, 179 S.W.2d 590 (Tex.Civ. App.1944).

■ We believe the first line of cases to be the more appropriate. The only action taken by the lower court as to which the defendant seeks to complain is an action to which she gave consent. Under these circumstances, we conceive she is not "aggrieved" by this judgment. Foger v. Johnson, *supra.* No appeal can exist without at least one aggrieved party, Farmers Insurance Group v. Worth Insurance Co., 8 Ariz.App. 69, 443 P.2d 431 (1968).

Accordingly, this appeal is dismissed.

HATHAWAY and KRUCKER, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

2. The Supreme Court of Alaska, in this case, suggests that relief be sought in the trial court by motion under their

counterpart of our Rule 60(c), R.Civ.P., as amended, 16 A.R.S.