78 P.3d 1065

**Randall DOUGLAS and Elizabeth Douglas, (husband and wife), Plaintiffs–Appellants,**

v.

**The GOVERNING BOARD OF the WINDOW ROCK CONSOLIDATED SCHOOL DISTRICT NO. 8; Window Rock Consolidated School District No. 8, Defendants–Appellees.**

No. 1 CA–CV 02–0555.

Court of Appeals of Arizona, Division 1, Department E.

Nov. 6, 2003.

Law Office of William R. Hobson By William R. Hobson, Tempe, Attorneys for Plaintiffs–Appellants.

Hufford, Horstman, Mongini, Parnell & McCarthy, P.C. By Patrice M. Horstman and Alexandra Shroufe, Flagstaff, Attorneys for Defendants–Appellees.

## OPINION

EHRLICH, Judge.

¶ 1 Randall and Elizabeth Douglas appeal the superior court's order dismissing their action against the Governing Board of the Window Rock Consolidated School District No. 8 and Window Rock Consolidated School

District (collectively "the school district"). Because we find that a private cause of action is implicit in Arizona Revised Statutes section ("A.R.S. § ") 15–952 (2002), we reverse and remand this matter for further proceedings.

## BACKGROUND

¶ 2 In 1986, the Arizona Legislature passed A.R.S. § 15–952(A)(1), which allows a public school district to receive a 1.25 percent increase in its base level funding if it has established a teacher-performance-evaluation system that meets standards set by the state board of education. 1986 Ariz. Sess. Laws, ch. 399, § 19.[1] This additional funding "may only" be allocated for "additional teacher compensation," A.R.S. § 15–952(C), defined as "salaries and employee fringe benefits and other nonsalary benefits." A.R.S. § 15–952(D)(2).

¶ 3 The Douglases worked as teachers in the school district from 1993 to 1998. After leaving, they filed this class action, alleging that the school district had failed to pay teachers the additional compensation to which they were entitled pursuant to A.R.S. § 15–952. The school district moved to dismiss the complaint, arguing that A.R.S. § 15–952 does not give rise to a private cause of action. The superior court granted the motion, and the Douglases appealed.

## DISCUSSION

### A. Private Cause of Action

■ ¶ 4 The Douglases allege that the school district received funds pursuant to A.R.S. § 15–952 but failed to allocate that money for additional teacher compensation as the statute required. Instead, they contend, the school district diverted those funds for other purposes not authorized by the law. On appeal from the dismissal of a case, "we consider the facts alleged in the complaint to be true," *Walters v. Maricopa County*, 195

Ariz. 476, 477 ¶ 2, 990 P.2d 677, 678 (App. 1999), and "determine whether the complaint, construed in a light most favorable to the plaintiff, sufficiently sets forth a valid claim." *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 421, 747 P.2d 581, 582 (App.1987); *see Newman v. Maricopa County*, 167 Ariz. 501, 503, 808 P.2d 1253, 1255 (App.1991)(Only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" should a motion to dismiss be granted (citing 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357, at 325 (1990)).).[2] This particular inquiry also involves the interpretation of a statute, a matter that we review de novo. *See Chaffin v. Comm'r of Ariz. Dep't of Real Estate*, 164 Ariz. 474, 476, 793 P.2d 1141, 1143 (App.1990)(The interpretation of a statute "involves the resolution of legal rather than factual issues," and this court's review is de novo.).

■ ¶ 5 Section 15–952, A.R.S., is silent on whether a private cause of action may be brought against a school district that receives these additional funds but fails to allocate them for teacher compensation. The silence is not dispositive, however. *Napier v. Bertram*, 191 Ariz. 238, 240 ¶ 9, 954 P.2d 1389, 1391 (1998)("[T]he legislature's silence begins, rather than ends our inquiry."). To determine whether a statute creates a private cause of action, we consider "the context of the statute, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law." *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 575, 521 P.2d 1119, 1121 (1974); *see also Transamerica Fin. Corp. v. Superior Court (Rascon)*, 158 Ariz. 115, 117 n. 1, 761 P.2d 1019, 1021 n. 1 (1988)(rejecting the federal standard for determining legislative intent in creating or denying a private cause of action).

---

1. Section 15–952 was conditioned on the passage of an amendment to the Arizona Constitution, Proposition 101, designed to increase the aggregate expenditure limit for school districts. 1986 Ariz. Sess. Laws, ch. 399, § 19. The amendment passed, and A.R.S. § 15–952 became effective on January 1, 1987.

2. For this reason, we do not consider the rejoinder of the school district that the funds were lawfully used whether as salaries or as other permitted benefits.

¶ 6 The school district maintains that the primary purpose of A.R.S. § 15–952 is to improve the quality of teacher performance by implementing the sanctioned evaluation system.[3] We disagree. The legislative analyses of the statute refer to dual goals: providing additional teacher compensation and implementing a teacher-evaluation system. Of these two ambitions, we conclude that the provision of additional teacher compensation was the primary intent of the legislature for two reasons. First, before the enactment of the statute, a teacher-evaluation system already existed. *See* A.R.S. § 15–537 (2002). Second, § 15–952 was conditioned on the passage of Proposition 101, a constitutional amendment allowing a school district to exceed constitutional budgetary limitations to provide the additional compensation. Had an effective teacher-evaluation system been the primary purpose for the passage of § 15–952, a constitutional amendment would not have been necessary.

¶ 7 The school district insists, though, that, because the implementation of a teacher-evaluation process pursuant to A.R.S. § 15–952 is not mandatory, the provision of additional teacher compensation was not the primary legislative purpose. Although it is true that the statutory evaluation system is not mandatory, nonetheless, if there is compliance with the process and the school district receives the additional funds, those funds must be used for teacher compensation. A.R.S. § 15–952(C). In that sense, compliance is mandatory.

¶ 8 The school district also maintains that the placement of A.R.S. § 15–952 among statutes addressing school budgets and not in the section pertaining to teachers' rights weighs against inferring a private cause of action. However, the title of the statute is "additional monies for teacher compensation," which further indicates that teacher compensation is the primary focus of the statute. *See Pleak v. Entrada Prop. Owners' Ass'n,* 205 Ariz. 471 ¶ 7, 73 P.3d 602, 605 (App.2003)("[A]lthough title and section

headings of statutes are not law, we may look to them for guidance.").

¶ 9 The fact that the teachers do not have a right to a specific amount or type of additional compensation does not, as maintained by the school district, deprive them of their right to receive that which is due them pursuant to A.R.S. § 15–952. Indeed, this argument suggests instead that, without a private cause of action by the teachers entitled to this compensation, there is no way of holding the school districts accountable for the misappropriation of these funds as is alleged.

¶ 10 The school district cites *Lancaster v. Arizona Board of Regents,* 143 Ariz. 451, 457, 694 P.2d 281, 287 (App.1984), for the proposition that, when a statute "limits a thing to be done in a particular mode, it includes the negative of any other mode" (*quoting Transamerica Mortgage Advisors, Inc. (TAMA) v. Lewis,* 444 U.S. 11, 19–20, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979)). From that proposition, it argues that A.R.S. § 15–952 addresses the methods by which compliance is to be measured and that a private cause of action is not included. It claims that the statutory enforcement mechanism is A.R.S. § 15–952(A)(3)(a), which provides that the governing board shall submit evidence that the school district continues to meet the requirements of A.R.S. § 15–952(A)(1)(a).

¶ 11 However, A.R.S. § 15–952(A)(1)(a) does not guarantee that the funds are being utilized as teacher compensation. This section requires proof of compliance with the prescribed teacher-evaluation system and that the evaluators meet the minimum statutory qualification. The regulations pertaining to teacher evaluation do not address the Douglases' allegations that the school district obtained the additional funds but failed to use them for teacher compensation. Again, there is no remedy in A.R.S. § 15–952 for a misappropriation of funds earmarked for teacher compensation other than the mainte-

---

**3.** The school district cites the comments of an Arizona Education Association representative during a House Education Committee meeting. However, the comments of a non-legislator are not persuasive evidence of legislative intent "un-

less the circumstances provide sufficient guarantees that the statements reflect legislators' views," *Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 270, 872 P.2d 668, 674 (1994), and we find no such guarantees.

nance of a private cause of action.[4]

¶ 12 As in *Guibault v. Pima County,* 161 Ariz. 446, 448, 778 P.2d 1342, 1344 (App. 1989), the law at issue does not eliminate a private cause of action already recognized by the courts. Rather, the question is "whether, in imposing this new obligation on the [school districts, the legislature] intended to provide *any* remedy to those who may be injured by the [school district's] violation of its obligation under the statutes, be it administrative review procedure, private right of action or otherwise." *Id.* Since there is no administrative review provided by A.R.S. § 15–952, unlike the statutes at issue in *Guibault,* if the school districts comply with the mandated evaluation processes and receive the additional funds for teacher compensation, the statute offers no means to enforce the requirement that those funds be used for teacher compensation unless an implied private cause of action against the school districts exists.

¶ 13 The school district asks us to adopt the analysis of the United States Court of Appeals in *Osborn v. American Association of Retired Persons,* 660 F.2d 740, 742 (9th Cir.1981), a case involving a federal statute and federal funds. As a matter of federal law, the "express conference of federal rights by the statutory language is necessary, rather than merely sufficient, for a court to find that Congress intended to create a private right of action when it enacted the statute." *Id.* at 743 n. 1 (citing *California v. Sierra Club,* 451 U.S. 287, 294, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981)); *see Univs. Research Ass'n, Inc. v. Coutu,* 450 U.S. 754, 767–73, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981); *TAMA,* 444 U.S. at 18–20, 100 S.Ct. 242. However, *Osborn* is not applicable if for no other reason than because the Arizona Supreme Court has rejected the federal standard for ascertaining the legislative intent whether the law permits a private cause of action in favor of the analysis we have employed above. *Rascon,* 158 Ariz. at 117 n. 1, 761 P.2d at 1021 n. 1.

4. Moreover, there is no authority for the school district's assertion that the statute somehow gives the state board of education the authority to decide whether a private right of action is permitted. Certainly submission to the board of

**B. Remedy Pursuant to A.R.S. § 23–355**

¶ 14 The Douglases contend that the additional teacher compensation that a school district receives pursuant to A.R.S. § 15–952 constitutes wages and that the school district's failure to pay these wages gives rise to a statutory cause of action pursuant to A.R.S. § 23–355 (1995). Section 23–355 states that, "[i]f an employer, in violation of the provisions of this chapter, shall fail to pay wages due any employee, such employee may recover in a civil action against an employer or former employer an amount which is treble the amount of the unpaid wages." "Wages" is defined in A.R.S. § 23–350(5)(1995) as

> nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission or other method of calculation. Wages include sick pay, vacation pay, severance pay, commissions, bonuses and other amounts promised when the employer has a policy or a practice of making such payments.

¶ 15 The Douglases argue that the additional teacher compensation is not discretionary once the school district qualifies for the additional funds under the statute. Although the school district must allocate these funds to teacher compensation, given that this compensation is defined as not only payable as salaries but also as "employee fringe benefits and other nonsalary benefits," A.R.S. § 15–952(D)(2), the school district responds that "teacher compensation" within the meaning of § 15–952 does not constitute "wages" pursuant to A.R.S. §§ 23–350 and 23–355.

¶ 16 If the school district had a policy or practice of paying teachers the additional compensation as wages, defined by A.R.S. § 23–350(5), the Douglases would have a claim to the additional compensation as wages pursuant to A.R.S. § 23–355. *See*

school-district budgets with and without the 1.25 percent additional compensation does not support this contention but only provides alternatives depending upon the acceptance of the teacher-evaluation process.

*Schade v. Diethrich,* 158 Ariz. 1, 12, 760 P.2d 1050, 1061 (1988)("The treble damage statute deters employers from withholding or delaying payment of sums which employees have earned, and protects employees from an employer's groundless refusal to pay compensation which was promised and which was due 'in return for work performed.'" (Citations omitted.)). The fact that the amount of the additional compensation is not fixed does not preclude this claim once the obligation to pay is established. *See id.* at 12–13, 760 P.2d at 1061–62. The resolution of this issue is a matter for development upon remand.

#### C.   Attorneys' Fees and Costs

¶ 17 The Douglases request an award of attorneys' fees and costs pursuant to A.R.S. §§ 12–332, 12–341 and 12–341.01. However, their claim for additional compensation is not based upon an employment contract but on a statute. Accordingly, we deny the request for fees.

¶ 18 Additionally, the Douglases have not prevailed on their claims in the superior court. They are not entitled to an award of trial costs at this time.

¶ 19 The Douglases are, though, the successful parties on appeal. We therefore grant them those costs upon their compliance with Arizona Rule of Civil Appellate Procedure 21.

#### CONCLUSION

¶ 20 Dismissal was improper. We remand this case for further proceedings consistent with this opinion.

CONCURRING: PATRICK IRVINE, Presiding Judge and STEPHEN M. DESENS, Judge Pro Tempore.*

---

* The Honorable Stephen M. Desens, a judge of the Cochise County Superior Court, was authorized to participate as a Judge *Pro Tempore* of the Court of Appeals by order of the Chief Justice of