210 P.3d 1275

**Randall DOUGLAS and Elizabeth Douglas, husband and wife, Plaintiffs/Appellants,**

v.

**GOVERNING BOARD OF WINDOW ROCK CONSOLIDATED SCHOOL DISTRICT NO. 8; Window Rock Consolidated School District No. 8, Defendants/Appellees.**

No. 1 CA–CV 08–0481.

Court of Appeals of Arizona, Division 1, Department A.

May 28, 2009.

---

Law Offices of William R. Hobson, P.C. By William R. Hobson, Law Offices of Kevin Koelbel, P.C. By Kevin Koelbel, Chandler, Gil Shaw, Attorney and Counselor at Law By Gil Shaw, Yarnell, The Counters Firm By Lisa J. Counters, Maricopa, Attorneys for Plaintiffs/Appellants.

Hufford, Horstman, Mongini, Parnell & Tucker, P.C. By Patrice M. Horstman, Flagstaff, Attorneys for Defendants/Appellees.

## OPINION

BARKER, Judge.

¶ 1 This case requires us to decide whether the persons representing a putative class may appeal a denial of class certification after accepting an unapportioned offer of judgment under Arizona Rule of Civil Procedure 68. Plaintiffs/Appellants Randall Douglas and Elizabeth Douglas (hereinafter "the Douglases") appeal the trial court's denial of their motion for class certification, claiming that the trial court erred in its analysis of commonality and typicality and that their claims are representative of the class. Defendants/Appellees Window Rock Unified School District and its governing board (hereinafter "the District") argue that this court does not have jurisdiction over this appeal because the Douglases waived any objections to error when they accepted the District's offer of judgment. For the reasons that follow, we dismiss this matter for lack of appellate jurisdiction.

### Facts and Procedural History

¶ 2 The Douglases worked as teachers in the Window Rock Unified School District

from 1993 to 1998. After they left their employment with the District, the Douglases filed this class action, alleging that the District failed to pay teachers the additional compensation to which they were entitled pursuant to Arizona Revised Statutes ("A.R.S.") section 15–952.[1] The District moved to dismiss the complaint, arguing that A.R.S. § 15–952 does not give rise to a private right of action. The trial court granted the motion, and the Douglases appealed to this court.

¶ 3 In an opinion filed November 6, 2003, we held that a private cause of action exists under the statute and remanded the case for further proceedings. *Douglas v. Governing Bd. of Window Rock Consol. Sch. Dist. No. 8,* 206 Ariz. 344, 345, ¶ 1, 78 P.3d 1065, 1066 (App.2003). On September 30, 2004, the Douglases filed a motion for class certification under Arizona Rule of Civil Procedure ("Rule") 23. The trial court denied the Douglases' motion for class certification, finding that the requirements under Rule 23(a) were not met. The Douglases then filed a motion to set and certificate of readiness, after which the District served a Rule 68 offer of judgment upon the Douglases. The Douglases timely accepted the offer of judgment. Before the trial court entered judgment under Rule 68, the Douglases filed a pleading entitled "Plaintiffs' Motion to Substitute Class Representatives and Motion to Reconsider Motion to Certify as Class Action." On May 29, 2008, the trial court entered judgment under Rule 68 and at the same time denied the Douglases' motions as "moot" because there were "no remaining Plaintiffs" in the action. The Douglases appealed.

### Discussion

■ ¶ 4 Although the Douglases never cite us to any statutory authority for our jurisdiction in this case, they claim to be appealing "the final judgment" entered by the trial court and "all underlying orders" issued by that court. The District claims that this court is without jurisdiction to hear this appeal because the Douglases waived their rights to appeal the denial of class certification by accepting the District's Rule 68 offer of judgment. We agree with the District.

■ ¶ 5 Appellate jurisdiction is limited by statute. *See Hall Family Props., Ltd. v. Gosnell Dev. Corp.,* 185 Ariz. 382, 386, 916 P.2d 1098, 1102 (App.1995). "If no statute makes an order appealable, there is no jurisdiction to consider the merits of an appeal from that order." *Id.* Our statutes list the instances when "[a]n appeal may be taken to the court of appeals from the superior court." A.R.S. § 12–2101 (2003). Normally, an aggrieved party may only appeal from an order of the superior court upon the entry of a "final judgment." A.R.S. § 12–2101(B); *see also Harris v. Cochise Health Sys.,* 215 Ariz. 344, 347, ¶ 8, 160 P.3d 223, 226 (App.2007). An appeal, however, may also be taken from "any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken." A.R.S. § 12–2101(D).

■ ¶ 6 Arizona courts have previously addressed the statutory basis for an appeal of an order denying permission to proceed with a class action under Rule 23. *See Reader v. Magma–Superior Copper Co.,* 108 Ariz. 186, 494 P.2d 708 (1972); *Markiewicz v. Salt River Valley Water Users' Ass'n,* 118 Ariz. 329, 576 P.2d 517 (App.1978). As a general rule, an order denying class certification is "merely interlocutory, and is not final until all issues and parties involved in the lawsuit are finally disposed of." *Markiewicz,* 118 Ariz. at 340, 576 P.2d at 528.[2] The rationale

---

1. A.R.S. § 15–952 "allows a public school district to receive a 1.25 percent increase in its base level funding if it has established a teacher-performance-evaluation system that meets standards set by the state board of education." *Douglas v. Governing Bd. of Window Rock Consol. Sch. Dist. No. 8,* 206 Ariz. 344, 346, ¶ 2, 78 P.3d 1065, 1067 (App.2003). The additional funding "may only" be allocated for "additional teacher compensation." A.R.S. § 15–952(C) (2009).

2. In some circumstances, however, an order denying leave to proceed with a class action is immediately appealable pursuant to A.R.S. § 12–2101(D). *Reader,* 108 Ariz. at 187–88, 494 P.2d at 709–10. Such a circumstance exists "[w]hen a plaintiff's individual claim is small" and the plaintiffs "are damaged only to the same extent as others of the general public." *Id.* at 187, 494 P.2d at 709; *Markiewicz,* 118 Ariz. at 341, 576 P.2d at 529. In those limited circumstances, an

for this general rule derives from the fact that Rule 23 "do[es] not contemplate that an order allowing or disallowing a class action will be final" because the order "may be altered or amended before the decision on the merits." Ariz. R. Civ. P. 23(c)(1); *Markiewicz*, 118 Ariz. at 341 n. 10, 576 P.2d at 529 n. 10. Because "[a] prior order denying leave to proceed as a class becomes merged into the final judgment," a plaintiff may challenge an adverse certification ruling during an appeal from a final judgment under A.R.S. § 12–2101(B). *Markiewicz*, 118 Ariz. at 341, 576 P.2d at 529.

▓▓▓ ¶ 7 However, Arizona law imposes a second hurdle to litigants seeking appellate review: the litigant must be an "aggrieved party" with standing to appeal. ARCAP 1 ("An appeal may be taken by any party *aggrieved* by the judgment.") (emphasis added); *Chambers v. United Farm Workers Org. Comm.*, 25 Ariz.App. 104, 106, 541 P.2d 567, 569 (1975) (" 'Standing' focuses on the parties and requires that each party possess an interest in the outcome of the litigation."); *Farmers Ins. Group v. Worth Ins. Co.*, 8 Ariz.App. 69, 71, 443 P.2d 431, 433 (1968) ("It is a prerequisite to our appellate jurisdiction that the appellant be a 'party aggrieved' by the judgment or order from which the appeal is taken."). A party is aggrieved if (1) its interest is direct, substantial, and immediate, (2) its interest would be prejudiced by the judgment or benefitted by reversal of the judgment, and (3) a legal right or its pecuniary interest has been directly affected. *Abril v. Harris*, 157 Ariz. 78, 80–81, 754 P.2d 1353, 1355–56 (App.1987).

▓▓▓ ¶ 8 In the context of class action certification rulings, we have previously held that an individual plaintiff has standing to challenge the adverse certification ruling when the trial court entered a directed verdict in favor of the defendants in the action. *Markiewicz*, 118 Ariz. at 333, 341, 576 P.2d at 521, 529. In *Markiewicz*, we focused on the

fact that the disposition of the case was unfavorable to the individual plaintiff when finding that the plaintiff had suffered a sufficient harm to appeal. *Id.* at 341, 576 P.2d at 529 (citing *Wright v. Stone Container Corp.*, 524 F.2d 1058, 1060 (8th Cir.1975), for permitting an appeal from a class action denial after a trial on the merits that was unfavorable to the individual plaintiff, and *Paton v. LaPrade*, 524 F.2d 862 (3d Cir.1975), for "permitting appeal from class action denial after a disposition unfavorable to the individual plaintiff"). The facts of this case are materially different from the situation in *Markiewicz* because the Douglases accepted an offer of judgment in their favor. Generally, when a court enters judgment in favor of a party, that party is not "aggrieved" and thus has no standing to appeal. *See Trus Joist Corp. v. Safeco Ins. Co. of Am.*, 153 Ariz. 95, 101, 735 P.2d 125, 131 (App.1986) ("It is the general rule that a party has no right to appeal from a judgment in its favor since it cannot be an aggrieved party."); *Kalil Bottling Co. v. Burroughs Corp.*, 127 Ariz. 278, 282, 619 P.2d 1055, 1059 (App.1980) ("[Plaintiff] is not entitled to cross-appeal from a judgment wholly in its favor on any ground since it is not an aggrieved party.").

' ▓▓▓ ¶ 9 Also critical to the determination of the Douglases' standing before this court is the fact that the Douglases consented to the judgment. It is a well-established rule that a party cannot appeal from a judgment to which it consents. *Cofield v. Sanders*, 9 Ariz.App. 240, 242, 451 P.2d 320, 322 (1969) ("It is well settled that ordinarily a consent judgment is not subject to appellate review."); *see Duwyenie v. Moran*, 220 Ariz. 501, 506, 207 P.3d 754, 759 (2009) ("A party cannot generally appeal from an order that it consented to have entered against it."); *Guard v. County of Maricopa*, 14 Ariz.App. 187, 189, 481 P.2d 873, 875 (1971) ("Appellant is therefore foreclosed from challenging on

---

interlocutory appeal would be permissible because an order denying class certification would effectively "determine[ ] the action" due to the impracticality of pursuing the action further and the likelihood that "[n]o appellate court would ever get the chance to review whether the action was appropriate for a class suit." *Reader*, 108

Ariz. at 187, 494 P.2d at 709; *Markiewicz*, 118 Ariz. at 341, 576 P.2d at 529.

This exception to the general rule is not dispositive in this case because "[t]he trial court's order [denying class certification] ... [did not] terminate [ ] the litigation." *Reader*, 108 Ariz. at 187, 494 P.2d at 709.

appeal a judgment to which she consented."); *see also Gatto v. Comm'r of Internal Revenue*, 1 F.3d 826, 828 (9th Cir.1993) ("[A] party implicitly surrenders its right to appeal a civil judgment ... by consenting to be bound by that judgment."); *Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir.1986) (dismissing an appeal of an adverse certification ruling and holding that "an appealable final judgment must still be adverse to the plaintiff" and that "[i]t cannot be the product of a voluntary stipulation"). There are exceptions to this general rule, "such as where there is lack of consent to the judgment or lack of jurisdiction over the subject matter, or where the judgment was obtained by fraud, collusion or mistake, or where the judgment adversely affects the public interest." *Cofield*, 9 Ariz.App. at 242, 451 P.2d at 322 (citation omitted). The Douglases, however, do not assert any of these exceptions.

¶ 10 Instead, the Douglases assert that the judgment they accepted only affected their individual claim, not their claim to represent the class. Their argument focuses on the language of the offer of judgment. The District's offer of judgment states as follows:

> The Defendant, the Window Rock Unified School District No. 8 [the "District"], pursuant to Rule 68, Arizona Rules of Civil Procedure, hereby offers to allow judgment to be entered in favor of Plaintiffs and against Defendant, in the amount of Ten Thousand ($10,000.00) Dollars, with each party bearing its own costs and attorneys' fees incurred herein.

The Douglases assert that the offer did not contain (a) a "specific release of [their] class interest," (b) a statement that it encompassed the entire "action," or (c) any "sweeping release" of their claim to represent the class.

¶ 11 The Douglases are correct in pointing out that, as purported class representatives, they had two separate "claims": (1) their individual claim on the merits and (2) their claim that they are entitled to represent a class. *See Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 528 (D.C.Cir.2006) ("A class representative has two legally cognizable interests: 'One is the claim on the merits; the other is the claim that he is entitled to represent a class.' " (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 402, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980))). They are incorrect, however, in their assertion that the language in the offer of judgment did not encompass both the individual and class claims.

¶ 12 Rule 68(f) requires that when there are multiple parties the offer must be apportioned as to the parties.[3] Ariz. R. Civ. P. 68(f) ("Unapportioned offers may not be made to multiple offerees."). However, there is no such requirement as to multiple claims. In fact, Rule 68 specifically provides that "[t]he offer *need not* be apportioned by claim." Ariz. R. Civ. P. 68(b) (emphasis added). Because an offer of judgment "need not be apportioned by claim," it follows that a party's offer encompasses all the opposing party's "claims," unless otherwise specified in the language of the offer. *See Shores v. Sklar*, 885 F.2d 760, 763 (11th Cir.1989) (rejecting a class action plaintiff's contention that his "consent to judgment should be presumed to have encompassed only his individual claims" because adopting such an argument would "conflict[ ] with the well-established principle that all interlocutory orders are merged into the final judgment" and therefore holding that "consent to judgment constitutes consent to the interlocutory order denying class certification").[4]

---

3. The Douglases, even though they constitute two parties, do not assert error in this regard. Accordingly, it is waived. *See Carrillo v. State*, 169 Ariz. 126, 132, 817 P.2d 493, 499 (App.1991) ("Issues not clearly raised and argued on appeal are waived.").

4. The parties cited several federal cases, including *Shores*, that have addressed the issue at hand: whether a plaintiff can appeal an adverse certification ruling after accepting a defendant's offer of judgment. *See, e.g., Dugas v. Trans Union Corp.*, 99 F.3d 724 (5th Cir.1996); *Shores v. Sklar*, 885 F.2d 760 (11th Cir.1989); *cf. Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103 (4th Cir.1999); *Walsh v. Ford Motor Co.*, 945 F.2d 1188 (D.C.Cir.1991); *Seidman v. City of Beverly Hills*, 785 F.2d 1447 (9th Cir.1986). These cases are not directly applicable here, however, because the federal and Arizona versions of Rule 68 are substantially different. For example, under the federal version of the rule, only the "party defending against a claim" may make an offer of judgment (under the Arizona

In this case, the District's offer of judgment did not distinguish between the plaintiffs' individual and class claims. Therefore, under the plain language of the rule, it encompassed both claims. *See Coughlin v. Regan*, 768 F.2d 468, 469–70 (1st Cir.1985) ("It is uncontested that a party to a consent judgment is thereby deemed to waive any objections it has to matters within the scope of the judgment."); *see also Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 527 (10th Cir.1992) (holding that orders and rulings that merge with consent judgments "are subject to the general rule of non-appealability").

¶ 13 Moreover, the fact that the offer tendered by the District did not include the word "action" does not mean, as the Douglases argue, that the scope of the judgment was limited solely to the Douglases' individual claim. The Douglases acknowledge that if the District's offer had used the term "action," there would be a strong case that the judgment "dispose[d] of more than [their] individual claims" because courts have construed the use of the word "action" as encompassing both individual and class claims. *See Richards*, 453 F.3d at 529 ("Of course, a plaintiff who ... agrees to dismiss the entire 'action,' has ceded any interest he once had and can no longer appeal a denial of class certification."); *Dugas v. Trans. Union Corp.*, 99 F.3d 724, 728 (5th Cir.1996) ("This reference to the 'action' ... plainly suggest[s] that [plaintiff] was settling all of his claims, individual and class alike...."); *Shores*, 885 F.2d at 763 (noting that the plaintiffs' individual and class claims were part of a "single action" and that the plaintiff had "consented to entry of judgment 'in this action,'" and concluding that the plaintiff's consent encompassed all the claims in the action); *Seidman*, 785 F.2d at 1448 (holding that the dismissal of the "action" covered all claims). However, the Douglases claim that the analysis of the above-cited cases does not apply here because the District failed to include the word "action" in its offer of judgment.

¶ 14 The federal and Arizona versions of Rule 68 are significantly different. *Supra*, ¶ 12 n. 4. Importantly, the federal rule does not mention the word "action," while the Arizona rule explicitly states that a Rule 68 offer is "to allow judgment to be entered in the *action*." Ariz. R. Civ. P. 68(a) (emphasis added). Because Arizona's Rule 68 explicitly states that the judgment entered encompasses the "action," it is as though the term "action" was included in the District's offer itself. *See Higginbottom v. State*, 203 Ariz. 139, 142, ¶ 11, 51 P.3d 972, 975 (App.2002) ("It has long been the rule in Arizona that a valid statute is automatically part of any contract affected by it, even if the statute is not specifically mentioned in the contract."); *see also Holland v. Roeser*, 37 F.3d 501, 504 (9th Cir.1994) (interpreting an offer of judgment as a contract); *Nielson v. Patterson*, 204 Ariz. 530, 531, ¶ 5, 65 P.3d 911, 912 (2003) (interpreting the rules of procedure in the same manner as statutes). Subsection b of Rule 68 further provides that the offer "shall be inclusive of *all damages*, taxable court costs, interest, and attorneys' fees" and that

rule, "any party" may make an offer), the offer will "allow judgment on specified terms" (under the Arizona rule, the offer is "to allow judgment to be entered in the action"), and there is no language relating to apportioning the offer between claims (under the Arizona rule, the "offer need not be apportioned by claim"). Fed. R.Civ.P. 68; Ariz. R. Civ. P. 68.

In addition, under federal law, a plaintiff is not required to unequivocally accept an offer of judgment; rather, the plaintiff may accept an offer of judgment while explicitly reserving the right to appeal an adverse certification ruling. *See Dugas*, 99 F.3d at 729; *Shores*, 885 F.2d at 763; *see also Coughlin v. Regan*, 768 F.2d 468, 470 (1st Cir.1985) ("While it is possible for a party to consent to a judgment and still preserve his right to appeal, he must reserve that right unequivocally, as it will not be presumed."). Arizona law, on the other hand, requires that acceptance be unambiguous and unconditional, and therefore a plaintiff's "acceptance" that reserves a right to appeal an adverse certification ruling would be deemed a "rejection and a counter-offer." *Smith v. Hurley*, 121 Ariz. 164, 167, 170, 589 P.2d 38, 41, 44 (App.1978). This distinction in the federal law may derive from the fact that only a "party defending against a claim" may tender an offer of judgment (as opposed to Arizona where "any party" may tender the offer). Although several federal cases highlight the fact that a class action plaintiff may reserve the right to appeal an adverse certification ruling when accepting an offer of judgment, *e.g.*, *Dugas*, 99 F.3d at 729; *Shores*, 885 F.2d at 763, we cite to them to the extent that they discuss and apply general principles relating to the appealability of consent judgments.

the offer "need not be apportioned by *claim.*" Ariz. R. Civ. P. 68(b) (emphasis added). Therefore, the rationale of the federal cases interpreting the word "action" to include both individual and class claims, *supra* ¶ 13, supports the view that the District's offer under Rule 68 encompassed all of the Douglases' claims. We thus hold that when the Douglases accepted the District's offer of judgment they settled both their individual and class claims. Consequently, we do not have jurisdiction over this appeal because the Douglases are not "aggrieved" parties under Arizona Rule of Civil Appellate Procedure 1.

¶ 15 The Douglases direct us to *Deposit Guaranty National Bank v. Roper,* in which the United States Supreme Court permitted appellate review of a trial court's adverse class certification ruling after the class representative received full compensation for the individual claim. 445 U.S. 326, 332–33, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). In a decision issued the same day as *Roper,* the Court also permitted review of an adverse class certification ruling after a change in circumstances rendered that claim moot. *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 390, 404, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). However, these cases are factually distinguishable and do not contradict the result that we reach in this case. *See Roper,* 445 U.S. at 332–33, 100 S.Ct. 1166 (holding that because the plaintiffs never consented to entry of judgment, they did not waive their right to challenge the certification denial); *Geraghty,* 445 U.S. at 390, 404, 100 S.Ct. 1202 (holding that the plaintiff's class action challenge to governmental parole rules was not rendered moot for purposes of appellate review of the adverse certification ruling by the plaintiff's release from prison). In particular, the Supreme Court in *Geraghty* stated that it had *not decided,* under federal law, whether a party in the Douglases' position could challenge on appeal an order denying class certification:

> We intimate no view as to whether a named plaintiff who settles the individual claim after denial of class certification may, consistent with Art. III, appeal from the adverse ruling on class certification.

445 U.S. at 404 n. 10, 100 S.Ct. 1202; *see also Dugas,* 99 F.3d at 727–28 (distinguishing *Roper* and *Geraghty* and stating that those cases do not apply to situations where a plaintiff accepts an offer of judgment); *Walding v. Blue Cross & Blue Shield of Ala., Inc.,* 577 So.2d 853, 855 (Ala.1991) (stating that *Roper* is "inapposite" because the plaintiff in that case "did not consent to the court's entry of judgment"); *Russell v. Sheahan,* 324 Or. 445, 927 P.2d 591, 596 (1996) (same). Because these federal cases are distinguishable, or do not address the issue, and because the federal rule itself is different in key areas, the cases do not alter our conclusion that the Douglases lack standing to appeal the denial of class certification under the terms of the offer filed under Rule 68 here.

¶ 16 Lastly, the Douglases assert that they have standing to appeal the denial of class certification because other class members "moved to join before the case terminated." The record, however, shows that the Douglases, not the other members of the class, filed a "Motion to Substitute Class Representatives" after they had accepted the District's offer of judgment but before the court issued a final judgment. The motion explicitly states that it was brought "[o]n behalf of the other class members." The Douglases did not cite a rule of civil procedure under which the motion was brought. Attached to the Douglases' motion were the affidavits of four putative class members, each stating that the individual would be "willing and [ ] able to serve as a class representative." These affidavits were signed in August of 2005, over two and a half years before the Douglases filed their motion. The Douglases never moved to amend their complaint to add these individuals as parties, and none of the affiants moved to intervene in the trial court below or in the appeal before us. The trial court denied the "Motion to Substitute" as moot.

¶ 17 As explained above, the Douglases relinquished all their claims, individual and class, when they accepted the District's offer of judgment. As a consequence, any claim that they purported to make on behalf of other class members after that time was not

proper. Thus, we agree with the trial court that the Douglases' motion was moot at the time it was filed.

¶ 18 Further, as to this appeal, the only parties before us are the Douglases. There are no putative class members seeking relief. As noted, *supra* ¶ 16, the Douglases filed affidavits of others in the superior court who would be willing to be class representatives, but no putative class member was a party to the matter below or the appeal before us. Thus, we do not have before us, and consequently do not decide, whether the Douglases' acceptance of the offer of judgment precluded putative class members from intervening under Rule 24(b) and appealing the denial of class certification. *See Roper*, 445 U.S. at 331, 100 S.Ct. 1166 (identifying one of the "interests to be considered when questions touching on justiciability are presented in the class-action context" is "the right[ ] of putative class members as potential interveners"); *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 390, 394–95, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977) (noting that putative class members may intervene to appeal the denial of class certification within thirty days of entry of final judgment); *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir.1997) (holding that a putative class member's motion to intervene for limited purpose of appealing denial of class certification was timely because the motion was filed during the thirty-day period within which the named plaintiffs, who had settled the case, could file notice of appeal from the final judgment; and noting that the defendant was not unfairly prejudiced, as it was "put on notice by the original complaint of the possibility of classwide liability," and its settlement "bound only the individually named plaintiffs who settled their claims"); *Shores*, 885 F.2d at 765–66 (Johnson, J., specially concurring) (extending the rationale in *McDonald* to allow putative class members to intervene after a class representative's appeal of adverse class certification ruling was dismissed).

### *Conclusion*

¶ 19 For the reasons stated above, we dismiss this matter for lack of jurisdiction.[5]

CONCURRING: SHELDON H. WEISBERG, Presiding Judge and JOHN C. GEMMILL, Judge.

---

5. We deny the District's claim for attorney's fees under A.R.S. § 12–341.01 (2001) because this action does not arise out of contract. *See Douglas*, 206 Ariz. at 349, 78 P.3d 1065 (denying the Douglases' request for fees because "their claim for additional compensation is not based upon an employment contract but on a statute"). We also deny the District's claim for fees under § 12–349 because we do not find this appeal frivolous.