NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

EZ HOMES INC., *Plaintiff/Appellee*,

*v.*

BRIAN LOISELLE, et al., *Defendants/Appellants*.

No. 1 CA-CV 19-0130
FILED 4-16-2020

Appeal from the Superior Court in Maricopa County
CV 2017-009900
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

Al Arpad, Esq., Phoenix
By Alexander R. Arpad
*Counsel for Defendants/Appellants*

Burch & Cracchiolo PA, Phoenix
By Daryl Manhart, Andrew Abraham, Casey S. Blais
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Chief Judge Peter B. Swann joined.

**B R O W N**, Judge:

¶1        Appellants Brian Loiselle and Margaret Loiselle (collectively "Loiselle"), Blue River Equity, LLC ("Blue River"), Strong Financial Solutions, LLC ("SFS LLC"), EastWest Secured Developments, LLC ("EastWest"), and Strong Financial Solutions, Inc. ("SFS Inc."), challenge the superior court's judgment quieting title to commercial property in favor of EZ Homes, Inc., after a trustee's sale.  We conclude that (1) Blue River is the only appellant aggrieved by the quiet title judgment; (2) Blue River waived its claim that it still owns two condominium units located on the property at issue by not seeking to enjoin the sale as required by A.R.S. § 33-811(C); and (3) Appellants have failed to show the court abused its discretion in awarding attorneys' fees and costs.  For these reasons, we affirm.

**BACKGROUND**

¶2        The parties dispute ownership of certain property located at 1355 North Greenfield Road in Mesa ("Disputed Property").  As relevant here, the Disputed Property was first identified as Lot 7C in the "Final Plat for Mountain View Plaza Phase II ("Amended Plat"), recorded on November 3, 2003.  In 2004, an office building and parking lot were constructed on the Disputed Property, and a condominium plat ("Condo Plat") was recorded on March 18, 2005.  The Condo Plat depicted an office building with two condominium units identified as Units 1A and 1B and a portion of the common area identified as Tract A within the Disputed Property, which again was identified as Lot 7C. The Disputed Property was then conveyed to Brian Loiselle by special warranty deed, with the legal description referencing the Amended Plat ("Amended Plat Legal Description"):

> LOT 7C, MOUNTAIN VIEW PLAZA OFFICE, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 658 OF MAPS, PAGE 28.

2

The Disputed Property changed hands several times between 2005 and 2013, and each conveyance except one referenced the Amended Plat Legal Description.

¶3          The remaining conveyance—from Loiselle to SFS LLC on February 19, 2013—referenced the Condo Plat.  In June, Loiselle signed a deed of trust, on behalf of SFS Inc., in connection with a $300,000 loan acquired from Capital Fund II, LLC ("Capital Fund"), which "required security for its loan in the form of the Property [1355 North Greenfield Road] and the office building located thereon."  The deed of trust covered "all the improvements now or hereafter erected on the Property" and contained the following legal description referencing the Condo Plat (the "Condo Plat Legal Description"):

> LOT 7C, MOUNTAIN VIEW PLAZA OFFICE, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN *BOOK 735 OF MAPS, PAGE 43*.

(Emphasis added.)    After Loiselle signed the document, but before recording, "someone" changed the deed of trust so that it now matched the Amended Plat Legal Description.

¶4          The loan became delinquent, which resulted in the trustee noticing a trustee's sale on August 27, 2015; the notice contained the Amended Plat Legal Description and referenced Lot 7C as "Mountain View Plaza Phase II."  The notice included the street address of the property but listed only one of the three tax parcels.  The trustee recorded a second notice of trustee's sale on November 4, 2016, that also referenced the Amended Plat Legal Description but removed the reference to Mountain View Plaza Phase II.  In between the recording of these two notices, EastWest conveyed the Disputed Property to Blue River under a warranty deed using the Condo Plan Legal Description.  EZ Homes was the successful bidder at the trustee sale held on February 6, 2017.  That same day, Loiselle recorded a quit claim deed from Blue River to himself, and EZ Homes later received a trustee's deed with the Amended Plat Legal Description.

¶5          On June 30, 2017, EZ Homes sued Loiselle, Blue River, SFS LLC, and EastWest to quiet title to the Disputed Property.  EZ Homes later amended its complaint to add SFS Inc. as a defendant and to seek the appointment of a receiver to take possession of and manage the Disputed Property.  Blue River counterclaimed, alleging EZ Homes' notice of lis pendens was a wrongful lien because the two condominium units—which

3

Blue River alleged it still owned—were not part of the Amended Plan Legal Description used in the notices of sale and trustee's deed.

¶6     The superior court appointed a receiver on August 9, 2018. Shortly thereafter, the parties filed competing summary judgment motions based on stipulated facts. The receiver then asked the court to find Loiselle in contempt, alleging he had changed the locks and re-entered the condominium units after the receiver had taken possession.

¶7     The superior court granted summary judgment for EZ Homes, finding in part as follows:

> 1. The only defendant claiming an ownership interest in the property is Blue River Equity, LLC.
>
> 2. Defendants Blue River Equity, LLC, Strong Financial Solutions, Inc., and East West Secured Development, LLC waived their claims and defenses when they failed to challenge the sale or file an injunction [before] the property [was] sold at the trustee sale. . . .
>
> 3. The deed of trust and legal description of the property used at the trustee sale contained a valid legal description and included the land and buildings on the property. . . . Lot 7C includes the entire property, including the improvements/office condominium units constructed on the property. There is no requirement that the legal description reference or include the condominium plat. Here, the condominium plat did not transfer or convey the owner's fee title to the property.
>
> 4. Failure to include all tax identification numbers on the notice of trustee's sale did not affect the validity of the trustee's sale.
>
> 5. Any "possessory interest" asserted by any of the defendants was cleared when the trustee's sale occurred. See A.R.S. § 33-811(E).

Brian Loiselle and the receiver stipulated to entry of a judgment awarding the receiver $32,969.00 in damages, attorneys' fees, and costs. The court then entered a final judgment on EZ Homes' complaint and awarded EZ Homes $105,300 in attorneys' fees and $3,356.12 in costs against Appellants, jointly and severally. This timely appeal followed. The superior court

4

approved the sale of the Disputed Property, and the receiver deposited the net proceeds with the court shortly thereafter.

## DISCUSSION

### A.    Jurisdiction - Aggrieved Parties

¶8        EZ Homes contends Blue River is the only proper appellant because it is the only one who claims to own any part of the Disputed Property. Our jurisdiction is limited to appeals taken by a "party aggrieved by a judgment." ARCAP 1(d); *Kondaur Capital Corp. v. Pinal County*, 235 Ariz. 189, 192, ¶ 6 (App. 2014). A party is aggrieved if the judgment denies him or her a personal or property right. *Gries v. Plaza Del Rio Mgmt. Corp.*, 236 Ariz. 8, 12, ¶ 14 (App. 2014) (citing *In re Strobel,* 149 Ariz. 213, 216 (1986)). We must dismiss an appeal over which we lack jurisdiction. *Baker v. Bradley*, 231 Ariz. 475, 479, ¶ 8 (App. 2013).

¶9        The non-Blue River Appellants contend they are aggrieved because they possessed the Disputed Property before the trustee's sale, citing (1) Loiselle's declaration that they "operate[d]" the condominium units as of June 2018; and (2) a 2016 lease between Blue River and Loiselle.

¶10       Possession alone does not render a party necessary to a quiet title action. *See Babo v. Bookbinder Fin. Corp.*, 27 Ariz. App. 73, 74 (1976). While EZ Homes named the non-Blue River Appellants as part of its quiet title claim, it did so because each of them "allege[d] an interest in the Property based upon 'Wild Deeds' or other attempts to cloud the title to the Property," referencing the various transactions discussed above. All Appellants except Blue River denied having any claim to title in their answer. Accordingly, they were not aggrieved by the substantive judgment quieting title in EZ Homes' favor.

¶11       Appellants also contend that all of them are aggrieved by the attorneys' fees and cost award because the court entered it against each of them. Even a non-party to a case may appeal a fee award entered against it. *See Wieman v. Roysden*, 166 Ariz. 281, 284 (App. 1990) (holding non-party attorney against whom sanctions were entered was aggrieved and could appeal the award). EZ Homes contends the non-Blue River Appellants have no defense to the fee and cost award because they asserted no title interest and waived their objections by not opposing EZ Homes' fee application. These arguments go to the merits of the award, not who may challenge it on appeal.

**¶12** We therefore conclude that all Appellants were aggrieved by the superior court's award of attorneys' fees and costs. While this means the non-Blue River appellants may challenge the award, "a party aggrieved by only part of a judgment can appeal only that part adversely affecting him." *Thompson v. Better-Bilt Aluminum Prod. Co., Inc.*, 187 Ariz. 121, 126 (App. 1996). For this reason, as to the merits of the judgment, we consider only those arguments raised by Blue River.

### B. Failure to Enjoin the Trustee's Sale under A.R.S. § 33-811(C)

**¶13** Summary judgment is appropriate when the record presents no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). When the material facts are undisputed, we determine whether the superior court correctly applied the substantive law to undisputed facts. *Mitchell v. Gamble*, 207 Ariz. 364, 368, ¶ 8 (App. 2004).

**¶14** Claims raising objections or defenses to a trustee's sale are governed by A.R.S. § 33-811(C), which provides:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

Under this statute, a person who has defenses or objections to a properly noticed trustee's sale must challenge the sale by seeking injunctive relief. *Zubia v. Shapiro*, 243 Ariz. 412, 415, ¶ 16 (2018). A party who fails to request an injunction to halt the sale waives not only claims seeking to directly void a sale, but also damages claims based on an allegedly defective sale. *See id.*

**¶15** A.R.S. § 33-811(C) applies to Blue River because it received the second notice of sale after it received the conveyance from EastWest. While Blue River did not seek to enjoin the trustee's sale, it contends its defenses are not waived because it does not challenge the validity of the sale, but rather "what was sold." Its defense is a claim that it owns the condominium units by virtue of the June 24, 2016 warranty deed from EastWest. As such, Blue River's challenge of "what was sold" is in fact a challenge to title and to the sale. The superior court did not err in concluding Blue River waived its objection to the trustee's sale by not

seeking to enjoin the sale. *See Morgan AZ Financial, L.L.C. v. Gotses*, 235 Ariz. 21, 23, ¶ 7 (App. 2014) (one who fails to enjoin a trustee's sale waives all claims to title of the property on completion of the sale); *Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215, 218, ¶ 12 (App. 2013) (same). We do not reach the parties' arguments as to the merits of Blue River's defenses or EZ Homes' contention that Blue River was estopped from asserting them because SFS LLC acquired the Disputed Property under a warranty deed containing the Amended Plat Legal Description. The ownership interest of SFS LLC was foreclosed when the Disputed Property was transferred to EZ Homes as a result of the trustee's sale.

### C.    Attorneys' Fees and Costs

**¶16**        Appellants contend the attorneys' fee award to EZ Homes "must be reversed" if they succeed in this appeal. They have not succeeded.

**¶17**        Appellants also ask us to reverse the stipulated judgment between themselves and the receiver because the judgment was based on the same prevailing party determination as the summary judgment ruling. As noted, Appellants have not achieved reversal of the summary judgment ruling. Further, a party generally cannot appeal from a judgment it consented to have entered against it. *Douglas v. Governing Bd. of Window Rock Consol. Sch. Dist. No. 8*, 221 Ariz. 104, 108, ¶ 9 (App. 2009). Exceptions may apply if, for example, there is a lack of consent, a lack of jurisdiction, fraud, collusion, or mistake. *Id.* at 109. Because Appellants do not assert any of these exceptions, we take no action on the stipulated judgment.

**¶18**        Both sides request their attorneys' fees and costs incurred in this appeal. We reject Appellants' requests under A.R.S. §§ 12-341.01(A) and 33-420(A) because they are not the successful parties on appeal.

**¶19**        EZ Homes requests attorneys' fees under A.R.S. § 12-1103(B), which authorizes an award to the prevailing party in a quiet title action if, 20 days before bringing the action, it tenders five dollars with a request that the other parties execute quit claim deeds and the other parties do not comply. *Cook v. Grebe*, 245 Ariz. 367, 369, ¶ 5 (App. 2018). The parties agree that EZ Homes met these prerequisites. In our discretion, we award reasonable attorneys' fees to EZ Homes for time spent on the quiet title portion of this appeal upon compliance with ARCAP 21. *See Chantler v. Wood*, 6 Ariz. App. 134, 139 (1967) (stating that § 12-1103(B) entitles the successful party to "reasonable attorney's fees for the time spent on the quiet title feature of the case"). Finally, as the successful party on appeal, EZ Homes is entitled to an award of taxable costs.

**CONCLUSION**

¶20      We affirm the superior court's judgment.



AMY M. WOOD • Clerk of the Court
FILED:  AA