**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MISTY HARRIS, | No. 21-15184 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01038-MHB |
| v. | |
| ADVANCED CARE INTERNAL MEDICINE PLLC, an Arizona Professional Limited Liability Company; JIANWEN WU, Husband; JANE DOE, named as: Jane Doe Wu - wife, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Submitted November 16, 2021**
Phoenix, Arizona

Before:  GILMAN,*** BRESS, and VANDYKE, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties jointly moved to submit this case on the briefs without oral argument, which was granted.  Dkt. No. 32.

\*\*\*      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1

Misty Harris appeals the district court's order denying her request for attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-364(G). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1.     Harris did not waive her right to appeal the district court's order under her settlement agreement with appellees Advanced Care Internal Medicine PLLC, Jianwen Wu, and Jane Do Wu (collectively, "Advanced Care"). The settlement agreement specifies that Arizona law governs. In Arizona, "[t]he interpretation of a contract is generally a matter of law." *Powell v. Washburn*, 125 P.3d 373, 375 (Ariz. 2006). Arizona defines waiver as the "express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 607 P.2d 372, 374 (Ariz. 1980). "A clear showing of intent to waive is required for waiver of rights." *Minjares v. State*, 219 P.3d 264, 268 (Ariz. Ct. App. 2009) (citation omitted). Here, nothing in the settlement agreement, whether explicitly or implicitly, purported to waive Harris's right to appeal any adverse order on attorneys' fees and costs.

2.     We review an award of attorneys' fees and costs for an abuse of discretion. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). But we "review a district court's determination regarding prevailing party status de novo." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d

2

1083, 1089 (9th Cir. 2010) (internal quotation marks omitted). Upon a finding of a violation of the FLSA, the district court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The FLSA thus "make[s] fee awards mandatory for prevailing plaintiffs." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978). Similarly, under the AMWA, "[a] prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G).

"In determining whether a settlement agreement confers prevailing party status on a plaintiff, we have used a three-part test, looking at: '(1) judicial enforcement; (2) material alteration of the legal relationship between the parties; and (3) actual relief on the merits of [the plaintiff's] claims.'" *City of Lake Forest*, 624 F.3d at 1089 (alteration in original) (quoting *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1059 (9th Cir. 2009)).

In this case, Harris was a prevailing party under the FLSA and the AMWA, in addition to the Arizona Wage Act ("AWA"), the latter of which does not provide for fee-shifting. *See, e.g.*, *Douglas v. Gov. Bd. of Window Rock Consol. Sch. Dist. No. 8*, 78 P.3d 1065, 1070 (Ariz. Ct. App. 2003). The parties' settlement agreement necessarily resolved Harris's claims under all three of these statutes, and Advanced Care agreed to pay Harris $300 in return. The district court approved the settlement, which materially altered the legal relationship between the parties by requiring

3

Advanced Care to pay $300 to Harris. *See Fischer*, 214 F.3d at 1118 ("[T]he legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do."). Because the settlement agreement covered Harris's claims under each of the three statutes, she necessarily prevailed under all three statutes and was therefore entitled to fees under the FLSA and AMWA.

The district court reached a contrary conclusion by "assum[ing]," based on the amount of the settlement, that Harris recovered only under the claim permitting the highest damages available, which here was the AWA claim (which again does not provide for fee-shifting). That assumption was unwarranted. By settling all her claims for $300, Harris necessarily prevailed under each of the three statutes. The settlement agreement in fact specifically contemplated that Harris "will file an application for attorney fees and costs pursuant to the FLSA."

Because Harris was a prevailing party under statutes that allow for fee-shifting, we remand this matter to the district court for further proceedings consistent with this decision.[1]

**REVERSED and REMANDED**.

---

[1] We grant Harris's unopposed motion (Dkt. No. 17) for judicial notice of case materials from another litigation in the District of Arizona.

4