NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

KAY M. SYKES, *Petitioner/Appellant*,

*v.*

LEE B. SIEKERMAN, *Respondent/Appellee*.

No. 1 CA-CV 22-0274 FC
FILED 2-14-2023

Appeal from the Superior Court in Mohave County
No. L8015DO202007092
The Honorable Megan A. McCoy, Judge

**AFFIRMED**

APPEARANCES

Silk Law Office, Lake Havasu City
By Melinda Silk
*Counsel for Petitioner/Appellant*

Lee Siekerman, Lake Havasu City
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Cynthia J. Bailey joined.

---

**G A S S**, Vice Chief Judge:

¶1   Wife appeals the superior court's decree in which it enforced an unsigned premarital agreement with three missing pages. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2   In May 2020, wife petitioned for dissolution of the parties' marriage. In her petition, wife claimed no enforceable premarital agreement existed. In husband's response, he alleged both parties had entered into a premarital agreement "on or about November 5, 2003[.]" Husband attached a copy of the alleged premarital agreement to his response. That attached agreement included only eight of the eleven pages and did not contain husband or wife's signature.

¶3   In January 2021, the superior court held an evidentiary hearing to determine whether the parties had an enforceable premarital agreement. Both parties testified at the hearing. They also introduced deposition testimony from two lawyers they consulted during the premarital process.

¶4   Husband and wife admitted to signing a premarital agreement but did not have the original. The parties provided conflicting testimony about where they stored the original agreement and who deleted or destroyed the original and several copies. Husband claimed the premarital agreement he produced was a partial copy of the one the parties signed. Wife testified the premarital agreement she signed was not the eight-page agreement husband produced. Instead, wife said she signed a two- or three-page premarital agreement in which the parties specified their tax obligations. Wife did not have a copy of the shorter agreement.

¶5   Even so, the superior court found husband's testimony more credible and upheld the validity of the alleged premarital agreement. Though the superior court recognized A.R.S. § 25-202.A's statutory signature requirement and acknowledged the missing signature pages in

the alleged premarital agreement, it ultimately upheld the enforceability of the premarital agreement, reasoning "any missing pages are more likely than not to contain the parties' missing signatures."

¶6        The parties later negotiated a consent decree that upheld the validity of the unsigned premarital agreement husband provided and incorporated it by reference. The superior court entered the decree as a final judgment. Wife timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and -2101.A.1.

## ANALYSIS

¶7        Wife argues the superior court abused its discretion when it denied her challenge to husband's alleged unsigned premarital agreement. To support her argument, wife relies on A.R.S. § 25-202.A's signature requirement and testimony from the evidentiary hearing. Wife, however, agreed to a consent decree that incorporated by reference the premarital agreement husband provided.

¶8        A party that consents to a judgment waives any argument on appeal challenging the judgment or interlocutory orders incorporated into the judgment. *Duwyenie v. Moran*, 220 Ariz. 501, 506, ¶¶16–18 (App. 2009). Here, the consent decree husband and wife negotiated not only settled all issues pertaining to the dissolution of the parties' marriage, but also expressly incorporated the superior court's order upholding the validity of the prenuptial agreement. Because wife agreed to a consent decree, she agreed to all terms in the decree—including those relating to the premarital agreement—and thus waived her right to challenge the rulings on appeal.

¶9        This court does not review issues waived by consent. *Cofield v. Sanders*, 9 Ariz. App. 240, 242 (1969). Wife could have preserved her right to challenge the superior court's order, but she has not. Before the trial began, the parties acknowledged their agreement for the record. And wife's counsel, without objecting, merely stated "I just want to add that as the Court stated under the circumstances my client [is] entering into this agreement after the determination of the validity of the prenuptial agreement." *See Elliott v. Elliott*, 165 Ariz. 128, 134 (App. 1990) (holding a party waives an issue on appeal if it fails to object at the superior court level). Wife's failure to object precludes our review of the merits of this case.

**ATTORNEY FEES**

¶10      Both parties request attorney fees on appeal under A.R.S. § 12-342, § 25-342.A, and ARCAP 21. This court may award attorney fees after considering the financial resources and reasonableness of the parties' legal positions. *See* A.R.S. § 25-324.A. After considering the relevant factors, we exercise our discretion and decline to award attorney fees. Because husband is the prevailing party, we award husband costs upon compliance with ARCAP 21.

**APPLICATION OF A.R.S. § 12-349 AND ARCAP 25**

¶11      Mother's appeal is from a consent decree resolving all issues based on her in-court agreement while she was represented by the same counsel representing her in this appeal. After entry of the consent decree, mother's counsel filed and prosecuted this appeal without acknowledging she was appealing a consent decree resolving all issues. This court has, among other things, the authority and the discretion to account for unjustified actions—including by allocating the payment of attorney fees— when an attorney unreasonably expands or delays the proceeding. *See* A.R.S. § 12-349; ARCAP 25. This court gives mother's counsel up to, and including, 20 days from the issuance of this memorandum decision to make a filing regarding the application of these provisions and the appropriate consequence this court may impose for her actions.

**CONCLUSION**

¶12      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA

4